## McLEOD v. TAMPA TIMES CO., et al.

Industrial Commission.

March 24, 1955.

■■■■■■

Joe L. Sharit, Jr., Tampa, for the claimant.

Macfarlane, Ferguson, Allison & Kelly, Tampa, for the employer and insurance carrier.

BY THE COMMISSION.

This cause came on to be heard upon application for review of a deputy commissioner's order dated July 29, 1954. Claimant, a paper handler for the Tampa Times, filed claim for compensation and medical benefits, alleging that he received an injury by accident arising out of and in the course of his employment on March 9, 1952, when his legs were crushed when caught between two 2000 pound rolls of paper. Carrier controverted the claim.

The deputy found the injury to be compensable and that claimant has a 50 per cent permanent partial disability of the "body as a whole," entitling him to 175 weeks compensation. Claimant files application for review on the ground that the deputy erred in not finding him to be permanently and totally disabled; that the deputy should have applied the earning capacity test, relying on the commission ruling in the Ruggiano case and the Supreme Court decision in Ball v. Mann, 75 So. 2d 758.

The instant case involves scheduled losses (legs) and does not come under "u" of section 440.15(3). Both the Ruggiano and Ball decisions were "u" cases, involving injuries to the back. Those cases had to do with injuries to a part of the body that did not come within any of the scheduled losses. It is our opinion that in determining *permanent partial* disability, the functional test is the proper one to be applied to partial loss of use of a scheduled member. Section 440.15(3)(s) provides—"Partial loss or partial loss of use. Compensation for permanent partial loss or loss of use of a member may be for proportionate loss or loss of use of the member." A deviation to the earning capacity test in *non-scheduled* cases is occasioned by the specific and distinct wording of section 440.15(3)(u), which provides as follows— "Other cases: In all other cases in this class of disability the compensation shall be sixty per cent of the injured employee's average weekly wage for such number of weeks as the injured employee's percentage of disability is of three hundred fifty weeks."

We have to this point been considering *permanent partial* disability and the foregoing has reference solely to that class of disability. However, when we construe that portion of section 440.15 which refers to *permanent total* disability, we are impelled to reach a conclusion not entirely consistent with what has been heretofore said with respect to scheduled losses in *permanent partial* cases. Section 440.15(1)(b) provides—"PERMANENT TOTAL DISABILITY * * * (b) Loss of both hands, or both arms, or both feet, or both legs, or both eyes, or of any two thereof shall, in the absence of conclusive proof to the contrary, constitute permanent total disability. *In all other cases permanent total disability shall be determined in accordance with the facts.*" (Italics added). We are not dealing, in the quoted section, with "loss of use" but rather, with the term "disability" which essentially is defined by the Act as loss of earning capacity, section 440.02(9). It is permissible under the "in all other cases" sentence of the last quoted section to show that one who has lost an arm, or suffered injuries to his legs or to any other scheduled members—that such a claimant is, under the earning capacity test a *total permanent* case. However, if the proof, using the earning capacity test, shows that there is *less* than permanent total disability, we must repair to the *permanent partial* section of the Act where we are tied again, in the case of a scheduled loss, to the functional test.

In the present claim before us on review, the claimant has suffered two crushed legs. Claimant contends the earning capacity test is the proper one for determining his disability. He is correct

if the earning capacity test shows that he is a permanent total case. He cannot, however, persist in the use of the earning capacity test if *less* than totality is proved. He then becomes a permanent *partial* case and the disability to his legs is then adjudged according to the functional test. On the basis of earnings, the proofs indicate that the claimant is not a permanent total case. The claimant testified that he owns a car and drives it; that he transports passengers in his car once or twice a week and takes them on fishing trips for which he receives pay. The deputy's finding of less than total disability is supported by the record.

Though the use of the functional test was proper, the deputy gave a rating for the "body as a whole." Where, as here, there is a disability of two scheduled members, there is no statutory warrant for a rating of the "body as a whole." In our opinion, the cause should be remanded for a rating for each leg.

Claimant has assigned as further error that the deputy ordered reimbursement to the employer of advances made to the claimant after the accident. Claimant contends said payments were made as a gratuity. In our opinion, the decision of the deputy as regards reimbursement was correct.

The cause is remanded to the deputy commissioner for further proceedings in conformity with the opinion above expressed.