### GILL v. NATIONAL CONTAINER CORPORATION, et al.

Industrial Commission.

July 25, 1955.

Carlton Welch and W. Shannon Linning, both of Jacksonville, for claimant.

Marks, Gray, Yates & Conroy, Jacksonville, for the employer and insurance carrier.

Chairman JAMES T. VOCELLE, commissioners WALTER L. LIGHTSEY and JAMES CAMERON participated in the disposition of this application for review.

BY THE COMMISSION.

This cause came on to be heard on the employee's application for review of a deputy commissioner's order dated May 2, 1955 directing that the claimant be sent to Dr. J. G. Lyerly at the commission's expense for examination and report, denying claimant's motion for a summary order, and continuing the case until receipt of the doctor's report.

This order was in the nature of an interim or interlocutory order and was within the deputy's sound judicial discretion under section 440.25 of the Act—which authorizes a deputy to designate a disinterested doctor to examine a claimant and submit a report or testify in the proceeding.

Counsel for the employer and carrier have filed a motion to dismiss the application for review on the ground that the order sought to be reviewed is not an adverse determination of the claim—and because it is an interlocutory order should not be subject to review.

In McLeod v. Tampa Times Co. the Supreme Court granted a motion to quash a petition for writ of certiorari on the ground that the order of the full commission sought to be reviewed was an interlocutory order without the element of finality which is a prerequisite to *judicial* review. [See 7 Fla. Supp. 196.]

While the circumstances in the McLeod case and the instant case are similar, there is a material difference between a review by the full commission of an order of one of its deputies and a judicial review by the Supreme Court on petition for writ of certiorari. It is our opinion that all orders of the deputy commissioners are

subject to review by the full commission, but that orders of the nature of the one here involved should be affirmed unless it clearly appears that the deputy exceeded his jurisdiction or did not proceed according to law. The motion to dismiss the application for review is therefore denied.

The deputy's findings of fact are supported by competent substantial evidence, his order accords with the essential requirements of the law, and it is affirmed.