## McLEOD v. TAMPA TIMES CO., et al (No. 2).

Industrial Commission.

September 19, 1955.

Joe L. Sharit, Tampa, for the claimant.

Macfarlane, Ferguson, Allison & Kelly, Tampa, for the employer and insurance carrier.

## BY THE COMMISSION.

This cause came on to be heard on the claimant's application for review of a deputy's order dated April 30, 1955 pursuant to our order of March 24, 1955 remanding the claim for further proceedings, including reconsideration of the extent and degree of claimant's permanent partial disability.

In an order dated July 29, 1954 the deputy found that as a result of injury to his legs on March 9, 1952 claimant was permanently partially disabled to the extent of 50 per cent of the "body as a whole," entitling him to compensation for 175 weeks. On review we held that compensation for permanent partial loss of use of the legs is governed by section 440.15(3)(s) rather than section 440.-15(3)(u), Florida Statutes 1953, and remanded the claim for further proceedings in conformity with our opinion, 7 Fla. Supp. 196.

Without further hearing of the parties, on April 30, 1955, the deputy entered a new order, finding that as a result of the accident the employee has permanent partial disability amounting to 50 per cent loss of use of his right leg and 25 per cent loss of use of his left leg, entitling him to compensation for 150 weeks for permanent partial disability. He also found the claimant entitled to compensation for temporary total disability from March 9, 1952 to March 11, 1953, when he reached maximum recovery; that from the date of injury to August 9, 1953 the employer paid him certain wages which should be deemed in lieu of compensation, and with respect to which the employer was entitled to reimbursement in the amount of $1,635.41; and that the employee had received from the carrier $1,391.78 for compensation for temporary total disability and $1,890.72 for permanent partial disability, making a total of $3,282.50, which included the $1,635.41 previously ordered paid to the employer as reimbursement but which had been "appropriated" by the employee. The deputy ordered the carrier to continue to pay the balance of the compensation due at a rate of $26.26 per week, out of which the employee was to reimburse the employer the sum of $1,635.41, and that payment of this sum to the employer should constitute a lien against the compensation payable to the employee.

In his application for review claimant states several grounds, including the following—(1) No hearing was conducted by the deputy subsequent to the remand by the full commission and prior to the entry thereof, the employee was not afforded opportunity to present medical evidence on the issue presented by such remand. (2) The order requires the employee to reimburse the employer for certain sums received from the employer without determining whether such sums constituted gratuities or were intended to be in lieu of compensation. (3) The carrier should have been required to pay interest on payments withheld from the due dates that each instalment fell due.

More than twenty days after the deputy's order was mailed to the parties the employee filed an "Amended Application for Review," which the employer and carrier moved to strike. Because the amended application was not filed within the statutory period for filing applications for review by the full commission and neither the law nor the rules of the commission make any provision for amending such applications, the motion to strike is granted— our consideration will be confined solely to the grounds presented in the original application.

In Hardy v. City of Tarpon Springs (Fla. 1955), 81 So. 2d 503, the Supreme Court of Florida, in referring to remanding a cause to a deputy commissioner, stated that the cause may be remanded —"for compliance with the statutory requirements, either with or without a new hearing of the parties as the circumstances may require." In the instant case the record contained sufficient competent substantial evidence with respect to the degree of the employee's permanent partial disability of each of his legs and with respect to the other issues involved to enable the deputy to make the necessary findings of fact on such issues. In remanding the cause, therefore, we did not direct any new or further hearing of the parties, but merely remanded same to the deputy "for further proceedings in conformity with the opinion above expressed"— leaving entirely within the deputy's discretion whether any further hearing should be held. Under the circumstances no further hearing was required or necessary, and the deputy did not err in entering his said order without such hearing.

As to the contention that the order required the employee to reimburse the employer for certain sums without determining whether such sums were gratuities or were intended to be in lieu of compensation, the deputy specifically found that such payments made by the employer in excess of $26.26 per week were gratuities,

and that the total amount of "compensation" paid by the employer to which it was entitled to reimbursement under rule no. 9 of the commission's rules of procedure was the sum of $1,635.41. Said rule relates to reimbursement of employer where the employer has voluntarily made payment of compensation.[1]

With respect to the ground that the employer was not required to pay interest, it is noted that from the date of injury to August 9, 1954 the employer paid the employee wages in lieu of compensation totaling $1,635.41, to which it is entitled to reimbursement. In his order of July 29, 1954, the deputy found that the total amount of compensation accrued and payable at that time was "$3,282.50, out of which the employer is entitled to reimbursement of $1,635.41, leaving a payment due the claimant at this time in the amount of $1,647.09," exclusive of compensation to accrue for future weeks. In his order of April 30, 1955 the deputy found that all the sums found due under the order of July 29, 1954 had been paid by the carrier and "that the reimbursement of $1,635.41 ordered paid to the employer has been appropriated by the claimant; therefore, the employer is entitled to be reimbursed from the compensation benefits still due the claimant." The record discloses that within 14 days after the entry of the order of July 29, 1954 the carrier delivered drafts totaling $3,282.50 to the claimant's attorney, including a draft in the amount of $1,635.41 payable jointly to the employee and the employer, which later draft was negotiated by the employee without the endorsement of the employer and the proceeds retained by the employee without reimbursement of the employer. Such reimbursement still had not been made at the time of the later order of April 30, 1955. Accordingly, if the employee was entitled to interest on the payments which accrued from August 9, 1953 to July 29, 1954 totaling $1,647.09, he should be liable to the employer for interest on the $1,635.41, which he wrongfully appropriated and retained. Under these circumstances we do not consider that the claimant is equitably or legally entitled to the interest claimed by him.

The deputy commissioner's findings of fact are supported by competent substantial evidence, which accords with logic and reason. His order of April 30, 1955 accords with the essential requirements of the law within the meaning of U. S. Casualty Co. v. Maryland Casualty Co. (Fla.), 50 So. 2d 741, and it is affirmed.

---

[1] Editor's note—The rule may be found on page 238 of vol. 4, Fla. Supp.