DREW, Chief Justice.
Claimant was paid compensation and furnished medical treatment for temporary total disability by reason of injuries to her back and leg rising out of and in the course of her employment. After the carrier ceased payments, claimant filed a claim for further compensation and medical treatment. Following three hearings before the Deputy Commissioner, developing a record of about 130 pages, he entered an order that the “claim for further compensation and medical benefits be and the same is hereby denied.” This order was affirmed by the full commission on January 20, 1955.
In the order denying the claim the Deputy Commissioner made no findings of fact. The order simply recited that the commissioner had jurisdiction of the parties and the subject matter and that the “claimant is not entitled to further compensation or medical treatment.”
The failure of the Deputy Commissioner to make findings of fact as required by Section 440.25(3) (c), F.S.1951, F.S.A., was fatal to the order denying compensation. Hardy v. City of Tarpon Springs, Fla.1955, 81 So.2d 503. In that case we explored the necessity for adherence to the statutory duty of making of findings of fact by the Deputy Commissioner and we set out specifically what is required in that respect. We held that the failure of the Deputy Commissioner to base the result upon proper findings of fact resulted in the award being contrary to law. The order of the full commission was vacated with directions for entry of an order remanding the cause to the Deputy Commissioner for his further consideration in the light of the views expressed in the opinion filed in that case. For the reasons stated there this cause must be remanded for a like purpose. See also Ball v. Mann, Fla.1954, 75 So.2d 758.
*658 Certiorari is granted and the order of the full commission dated January 20, 1955, is vacated with directions to enter an order setting aside the order of the Deputy Commissioner, dated May 17, 1954, and remanding the cause to the Deputy Commissioner for further proceedings in accordance with these views.
TERRELL, THOMAS, SEBRING, HOBSON and THORNAL, JJ., concur.
ROBERTS, J., not participating.