LOPEZ, Associate Justice.
On May 23, 1952 claimant while employed as a bricklayer received an injury to his right leg in the course of his employment. Claimant was disabled from May 23, 1952 to January 27, 1953 and by award dated December 23, 1953, and amended by Deputy Commissioner on December 30, 1953 he was found to have a forty percent loss of function of his right leg.
■ On August; 2, 1953 claimant moved the Florida Industrial Commission to modify the award heretofore made because among other things the Deputy Commissioner made a' mistake regarding the testimony concerning the probable future progression of the damage to plaintiff’s back which occurred since the previous award and which has rendered claimant totally and permanently disabled.
The same Deputy Commissioner on January 31, 1956, after another hearing changed the award so that claimant was given a fifty percent disability of the leg and an additional ten percent permanent partial disability. The claimant not being satisfied with this award and also being disatisfied with the attorney’s fee made application for review before the Full Commission on the grounds that the evidence clearly established that the claimant had sustained an economic disability in excess of the functional disability given to the claimant and that the Order was contrary to law in that it contained insufficient findings of fact arid was so vague that claimant was unable to determine what facts the Deputy-' Commissioner considered in arriving at the detision made by him.’ On the 21st day of May, 1956, the Full Commission affirmed the award. The claimant seeks review of this latter order.
At the outset we are confronted with an' order of the Deputy Commissioner which fails to set out what facts were relied upon by him to determine the amount of the award.
It was the duty of the Deputy Commissioner to make adequate findings of fact in support of his decision, and although he need not set out every fact brought' out in the evidence, still his statement of facts should be clear and unambiguous and should be sufficiently definite and detailed to enable the reviewing authority to test the validity of the decision resting upon those facts. In the instant case the findings of fact do not meet the test set out by this court in prior cases and the failure of the Deputy Commissioner to set forth proper, adequate, full and complete findings of fact on every controversial issue is essential and necessary to a speedy and orderly review of the-case. See Hardy v. City of Tarpon Springs, Fla., 81 So.2d 503; Blount v. State Road Department of Florida, Fla., 87 So.2d 507; 58 Am.Jur. 879, Sections 472 and 476.
From our examination of the record in this case we conclude that as to the question of attorneys’ fees awarded by the Deputy Commissioner, the amount of such award was inadequate in view of the services rendered by the attorneys for the petitioner.On remand the Deputy Commissioner should reconsider the original award of attorneys’ fees ■ and also allow reasonable fees for such services as may be rendered in the proceedings on remand.
No application appears in the files in this cause for attorneys’ fees for services rendered in this court or before the Full Commission and such matter is therefore not passed upon at this time.
Certiorari is granted and the order of the Full Commission, dated the 21st of May, 1956, is hereby set aside with directions to enter an order vacating the order of the Deputy Commissioner and remanding the said cause to the Deputy Commissioner for *175 his further consideration in the light of the views herein expressed.
TERRELL, Acting Chief Justice, and O’CONNELL and BUFORD, JJ., concur.