92 So.2d 521 (1957)
Elmer E. ANDREWS, Petitioner,
v.
STRECKER BODY BUILDERS, Inc., Inland Empire Insurance Company, and Florida Industrial Commission, Respondents.
Supreme Court of Florida, Special Division B.
February 6, 1957.
*522 Allen Clements, Miami, for petitioner.
Arthur W. Primm, Miami, Burnis T. Coleman and Rodney Durrance, Tallahassee, for respondents.
THORNAL, Justice.
Petitioner Andrews seeks review of an order of the Florida Industrial Commission affirming an order of a deputy commissioner dismissing his petition for increased Workmen's Compensation benefits.
The determining question is the sufficiency of the findings of the deputy commissioner to support his order.
Andrews, while an employee of respondent, Strecker Body Builders, Inc., received an injury arising out of and in the course of his employment. The injury necessitated the amputation of the index finger of the right hand and the supporting metacarpal bone. The employee was paid compensation for temporary total disability and thereafter for a period of time on the basis of twenty-five per cent permanent partial disability of the hand as a whole. He subsequently petitioned for increased benefits. At the hearing on this petition before the deputy commissioner, the employee exhibited his disabled hand to the deputy commissioner himself. The record reflects that the deputy commissioner actually experimented to determine the stability of the grip in the man's hand and personally examined the hand. The employee, a right-handed carpenter, testified in detail as to the disabling effect of the injury. He said he had lost at least fifty per cent of the use of his hand. Two doctors also testified. The order of the deputy makes reference to no evidence whatever except the expert medical testimony. To that end it recites that one doctor rated the claimant with a twenty-five per cent permanent partial disability and the other doctor rated the disability at thirty-five per cent. After reciting consideration of these two medical opinions only, the order of the deputy commissioner then stated "based upon the above stated facts [the expert opinions], it is the finding of the undersigned Deputy Commissioner * * * that claimant has failed to show any degree of disability greater than the 25% permanent partial disability" previously allowed.
It is the contention of the petitioner that the finding of the deputy is inadequate to meet the requirements of the Workmen's Compensation Act for the simple reason that he obviously based his finding entirely on the testimony of the medical experts. The petitioner contends that the deputy commissioner should have considered all of the evidence including the testimony of the petitioner himself as to the extent of his disability as well as the deputy's own examination of the injured hand.
We are not informed as to the position of the respondents for the reason that we *523 have not been favored with a brief. This procedure is not approved. It is not the responsibility of this Court to brief a cause for any of the parties.
Our examination of the record and the briefs of the petitioner lead us to the conclusion that the petitioner's contention is sound.
Section 440.25(3) (c), Florida Statutes, F.S.A., requires a deputy commissioner to include in his order a statement of the findings of fact and other matters pertinent to the questions at issue. When these findings are adequately supported by competent substantial evidence, we have consistently declined to disturb the order of the deputy. United States Casualty Co. v. Maryland Casualty Co., Fla. 1951, 55 So.2d 741. It is because of the vital importance of the deputy's findings of fact that an order should show that he has considered all of the proper evidence presented before him. Inadequate findings or findings unsupported by competent substantial evidence will not be permitted to stand. Hardy v. City of Tarpon Springs, Fla. 1955, 81 So.2d 503; Straehla v. Bendix-We-Launder-Rite, Fla. 1955, 81 So.2d 657. This does not mean that the deputy is required to recite the evidence in detail. However, his order should show that he has considered all of it. Conversely the order is insufficient if it shows on its face that he has considered only a limited segment of the competent evidence bearing on an issue.
We have on numerous occasions held that the opinions of medical experts are not in and of themselves conclusive in matters of this kind. If in a particular case it appears proper to do so, a deputy commissioner may disregard the opinion of the expert and give greater weight to lay testimony or demonstrative evidence presented to him. Star Fruit Co. v. Canady, 159 Fla. 488, 32 So.2d 2; Johnson v. Dicks, Fla. 1954, 76 So.2d 657. The same rule has been applied to jury cases in evaluating the opinion of experts. Gulf Life Ins. Co. v. Shelton, 155 Fla. 586, 21 So.2d 39.
We are not here intending to minimize the importance of competent expert testimony. We merely hold that it is the responsibility of the deputy commissioner to evaluate all of the testimony and in the evaluation process he may, if it appears appropriate, give greater weight to lay testimony or physical evidence presented. Consequently, lay testimony is at least entitled to consideration and evaluation in the fact-finding process. In the instant case the finding of the deputy quoted in the forepart of this opinion suggests that he disregarded completely the lay testimony as well as the physical evidence presented. It may be that when he does take such evidence into consideration his conclusion will be no different than the conclusion which he announced in his order. On the other hand, the order should reflect the fact that he has actually undertaken to evaluate all of the evidence and has taken into consideration the lay testimony as well as the expert. This he apparently failed to do in this case. The sum of this holding simply is that the order of the deputy commissioner should clearly show that he has taken into consideration all of the competent evidence submitted to him.
The petitioner makes a further point that at the time of the hearing it was conceded by the respondents, employer and carrier, that compensation payments admittedly due were ten weeks delinquent. It is then contended that by his ultimate order the deputy commissioner should have adjudicated the amount of the delinquency and directed the payment thereof together with the statutory penalty, interest and attorney's fee.
Here again we agree with the petitioner. The order of the deputy simply dismissed the petition. The record shows the delinquency above stated. While the *524 matter was before him and clearly supported by the record, the deputy commissioner should have adjudicated the rights of the petitioner reflected by the evidence.
For the reasons stated the prayer of the petition is granted, the writ is issued, the order of the full Commission is quashed and the cause is remanded to the deputy commissioner for further proceedings consistent herewith.
THOMAS, Acting C.J., and DREW and O'CONNELL, JJ., concur.