THORNAL, Justice.
By petition for certiorari petitioner Fischer, an employee-claimant, seeks review of a workmen’s compensation order.
The only point necessary to consider is whether the deputy commissioner included in his order sufficient “findings of fact” to comply with the requirements of the Workmen’s Compensation Law.
The order involved recited that the claimant had suffered a permanent-partial disability to the extent of twenty per cent of *527 the body as a whole. The order then included the following:
“That, after considering the claimant’s education, experience, age, present physical condition, his earning capacity has been diminished thirty-five per cent as the result of the accident of October 30, 1953, and that therefore the claimant is entitled to an additional fifteen per cent permanent-partial disability of the body as a whole, payments to commence as of September 4, 1955.”
The order reflects no other factual findings upon which the deputy commissioner arrived at his conclusion as to the diminished earning capacity of the injured employee.
The employee appealed to the full Industrial Commission claiming that the evidence supported a finding of disability in excess of thirty-five per cent and also that the “findings of fact” of the deputy commissioner were insufficient to meet the requirements of the Workmen’s Compensation Act, F.S.A. § 440.01 et seq. The full Commission affirmed the order of the deputy and the matter now comes before us on the employee’s petition for certiorari alleging the same errors and defects in the order of the deputy that he presented to the full Commission.
The employee-claimant contends that the deputy was without substantial competent evidence to sustain the conclusion as to a thirty-five per cent diminution in earning capacity. He asserts that the evidence sustained a conclusion as to a much higher percentage. He further contends that the deputy’s “findings of fact” quoted above do not meet the requirements of the statute or our prior decisions.
The respondents, employer and insurance carrier, contend that there was competent substantial evidence to support the conclusion of the deputy and that the finding above recited is sufficient in the light of prior cases.
Section 440.25(3) (c), Florida Statutes 1953, F.S.A., requires that the order making a Workmen’s Compensation award “shall set forth a statement of the findings of fact” upon which the award is based. We have consistently held that when these findings of fact are supported by competent substantial evidence they will not be disturbed. United States Casualty Co. v Maryland Casualty Co., Fla.1951, 55 So.2d 741.
Because of the weight given to the conclusions of a deputy commissioner in any review of a compensation order it is of prime importance that the order contain the findings of fact upon which the conclusion is based. The reviewing authority is then in a .position to measure the findings of fact by the presence or absence of competent substantial evidence in the record. Without adequate findings it is impossible for the reviewing authority to determine the factual basis upon which the deputy arrived at his conclusion.
In Hardy v. City of Tarpon Springs, Fla. 1955, 81 So.2d 503, we held that in the absence of adequate findings of fact in the compensation order, the cause would be remanded to the deputy commissioner for compliance with the statute. In the instant case the order of the deputy merely recited the factors or elements which he took into consideration in arriving at his conclusion as to the percentage of diminution of earning capacity. The factors which he observed were delineated in our opinion in Ball v. Mann, Fla.1954, 75 So.2d 758. However, the mere recital of these factors is not a compliance with the requirement that the deputy state his factual findings based on the evidence submitted. We state again, as we have on numerous occasions in the past, it is not necessary for the deputy to delineate the evidence in detail. It is however, essential that he include in his order his factual conclusions or findings drawn from the evidence submitted.
For the reasons above noted we have not reviewed the evidence presented before the deputy commissioner. The con- *528 elusion we reach is not to be construed as a determination of the correctness or incorrectness of the ultimate conclusion of the deputy. This is so for the reason that, as pointed out above, there are no adequate findings of fact in the deputy’s order sufficient to justify our consideration thereof. We cannot.pass on the correctness of the conclusion because the order fails to reveal the factual basis on which the conclusion was reached.
The prayer of the petition is granted, the order of the full Commission is quashed, and the cause is remanded to the deputy commissioner for further consideration consistent with this opinion.
TERRELL, C. J., and ROBERTS and DREW, JJ., concur.