WIGGINTON, District Judge.
This case arose under the Workmen’s Compensation. Act, F.S.A. § 440.01 et seq. The Deputy Commissioner found for the claimant, respondent here, and awarded compensation for temporary total disability and medical benefits.
Petitioners seek by certiorari á review of the order entered by the Full Commission affirming the award by the Deputy Commissioner.
Among the points urged for reversal is one dealing with the statute of limitations which was interposed as a defense and vigorously asserted throughout the proceedings. It is this question alone we will treat in this opinion. Other points urged are found to be without merit.
The claimant, Henry Matthews, had been employed by the petitioner, University of Miami, for a number of years prior to the date of the accident which resulted in the subject injury. He was assigned to duty at an experimental farm where he became adept in the propagation of various plants and other horticultural activities. On October 18, 1951, while engaged in the performance of his duties, he accidentally suffered a back injury which totally disabled him for approximately one month. During this period he received his regular wages from his employer. Following the filing of a claim for compensation he received two checks from the insurance carrier which were endorsed by him and delivered over to the University. At the end of one month following his injury medical treatments were discontinued, and-he then returned to his job, afterward performing what has been characterized as-light work, but which included operating a farm tractor, lifting field boxes of avocados, as well as the grafting, budding and potting of plants. He continued performing these duties until his services were terminated in the Spring of 1956. No requests were ever made by the claimant to his employer for medical benefits subsequent to November 1951. The claimant, however, experienced pain and discomfort attributable to his injury throughout the period of his employment. In addition to this, he suffered sporadically from ulcers, asthma, toothaches and other ailments. As a result of *113 of all such physical infirmities, he was from time to time absent from work for periods usually lasting only one or two days. Holding him in high regard as an efficient employee, and knowing the size of his family and its need for continual financial support, the University followed a policy of paying his regular wages without deduction for the times he failed to report for work. Two important facts are clearly established by the evidence, and specifically found by the Deputy Commissioner: at no time did the University have knowledge that the claimant’s absences were caused by disability arising out of the back injury he received in October 1951; and the University had no knowledge that its act in continuing to pay him regular wages, despite his periodic absences from work, constituted payment of compensation for disability relating to the 1951 injury.
In October 1955 he suffered a recurrence of the original injury, requiring hospitalization and medical attention. In March 1956, he filed claim' for compensation, stating that his condition resulted from a recent injury caused by lifting heavy avocado crates. His claim was recognized by the insurance carrier and compensation payments commenced. Following investigation by the carrier, this claim was amended so as to eliminate any reference to an injury occurring in 1955, but basing it squarely upon the original injury suffered four and one-half years previously in 1951.
The applicable statute of limitations requires that such claims be filed within three years from the time of injury, provided that if payment of compensation is made without an award, the claim may be filed within three years after the date of the last payment.[1]
The date of the last payment of compensation due to the 1951 injury was in November 1951. The claim in this case was filed in March 1956, and petitioner contends that it is barred by the statute.
Claimant insists that since he was paid regular wages during his absences from work from the date of his original injury to the date of the filing of his present claim, such wages constitute the “payment of compensation” within the contemplation of the statute. If this be true, -the last payment to him was well within the three-year limitation period. In support of this position he relies on the Townsley case[2] recently decided by this Court, in which the rule of law was established that payment of regular wages to a disabled employee during absence from work because of the disability will be deemed to be payment of compensation within the intent of the statute of limitations. This is on the theory that the employee is not required to file a claim for compensation .so long as his employer has knowledge of and admits liability for the injury, and continues to pay his regular salary during ihis absence from work in lieu of compensation payments under the Act. The rule in the Townsley case must be considered in light of the facts on which it is based. There the employer knew that each absence of the employee from work was for the purpose of receiving medical treatments for the injury suffered by him, which absences were directly related to the disability claimed. The rationale of the Townsley case is that in order to effectuate a tolling of the statute of limitations, the employee must not only have received his regular salary during his absences from work, but it must also be shown that such absences were due to the compensable injury from which he was suffering, and the employer must have had full knowledge of these facts. Without such knowledge by the employer, either express or implied, the period of limitation for filing claims would not be tolled and the provisions of the statute would control.
The case now before the Court is distinguished from the Townsley case in that here the claimant was periodically absent from work from the date of his injury in *114 1951 until the filing- of his claim in 1956, and during such absences he received his regular -wages. Some of the absences resulted from the injury suffered in 1951, but many did not. Although petitioner knew of such absences, it had no knowledge that they were related directly or indirectly to the injuries suffered by the employee in 1951. All outward appearances indicated the claimant’s disability had ceased. No demand was made upon petitioner during that period for the payment of medical benefits. Claimant did nothing to preserve whatever rights he had under the Workmen’s Compensation Act as he could have done by simply notifying his employer of the continuance of his disability. Here the claimant had no right to regard the payment of his regular wages during his absences from work as having been made under the Act. Many of such absences were due to other ailments wholly unrelated to his injury of 1951.
The Deputy Commissioner held that the Townsley case was not authority for the claimant’s position in this case, but found it “most persuasive in ascertaining the trend of thought by our Florida Supreme Court with respect to this problem.” He reached this conclusion, although he recognized in his order that the majority of jurisdictions in this country do not consider the statute to be tolled unless the employer knew or should have known that such payment of wages was payment of compensation for the disability suffered by the employee.[3] On review of this matter by the Full Commission, it concluded as a matter of law that the issue here presented is controlled by the decision in the Townsley case, and held without qualification that the limitation period was tolled during the period when the employee was paid his regular wages while absent from work on account of disability. The Commission concluded it was not necessary for the employer to have known the reasons why the claimant was absent from work, or that such absences were due to his disability. It held that it was the duty of the employer to ascertain the reasons for the claimant’s absences, and inferentially held that by its failure to do so it was estopped to assert that the statute of limitations was not tolled.
With this conclusion we cannot agree. To follow the rule advocated by the Commission would be unfair to employers and employees alike. In any large business organization the cost of maintaining a staff of sufficient size to investigate and record the cause of absences by each employee who had suffered a known previous on the job injury in the recent or distant past would be unduly burdensome. To avoid this expense the careful employer of necessity would be required to make deductions from his employees’ wages for each absence from work in order to protect against claims which might be filed after the period of limitation has run. The law should not be construed so as to render impracticable the desirable employer-employee relationship which encourages an employer to pay his employee regular wages even though there have been infrequent absences from work, and on the assumption that the absences were for good cause not necessarily related to any compensable injury.
The Workmen’s Compensation Act is intended to be a two-way street, requiring both the employer and employee to surrender certain common law rights, but in turn conferring certain offsetting benefits. Each owes a responsibility and obligation to the other. An injured employee who is paid regular wages during an absence from work due to a compensable injury should either put his employer on notice that such absence is due to a continuance of the disability, or such absence should be under circumstances that the employer is presumed to know that this is the case. Such *115 knowledge by the employer of the reason for the employee’s absence from work is necessary to excuse the employee for not timely filing a claim for benefits as the statute requires. If, as in this case, an employee can wait four and one-half years from the date of his injury to assert a claim for disability benefits without his employer ever having known or having had reason to know that he continued to suffer disability, or that his absences from work were a direct result thereof, then he could wait for any longer period of time that might suit his convenience. Such a situation would defeat the purpose which the statute of limitations is intended to serve.
For the reasons above stated, it is the judgment of the Court that the writ issue, and the order appealed from is accordingly quashed.
TERRELL, C. J., and HOBSON, DREW, THORNAL and O’CONNELL, JJ., concur.

. Section 440.19, R.S.A.

. Townsley v. Miami Roofing and Sheet Metal Company, Fla.1955, 79 So.2d 785.

. Larson, Workmen’s Compensation Law, Vol. 2, page 272, 144 A.L.R. 610; Pittman v. Glencliff Dairy Products Co., 154 Kan. 516, 119 P.2d 470, 144 A.L.R. 600.