HORTON, Judge.
Petitioner, Caranci, lost the end of his left thumb while in the course of his employment as a carpenter with Miami Glass and Engineering Company, and has claimed benefits under the Workmen’s Compensation Law, F.S.A. § 440.01 et seq. The carrier paid the claimant compensation and medical expenses until about May IS, 19SS, when the carrier’s physician rated his disability at 20% and discharged him. He then went to Massachusetts wlhere he stayed from April 17, 1955, until November 4, 1955. During this period, the carrier mailed the claimant his final compensation check and indicated that he was dismissed. Whereupon, the claimant returned the check with a letter dated May 16, 1955, stating that it was not acceptable and requesting further forms' so as to receive additional medical treatment and possible surgery. The carrier never acknowledged this letter. Upon the return of the claimant to Miarrii, medical advice was sought which culminated in an apparently successful operation performed by the carrier’s doctor. Claimant then sought compensation for the period of time that he was in Massachusetts. Originally, the Deputy Commissioner ruled that the claimant could receive no compensation for this period as he absented himself from the state, did not seek medical treatment during that time, and had not notified the carrier in Massachusetts of his claim. This order of the Deputy was reversed by the Full Commission on the ground that a claimant does not prejudice his right to compensation by being outside the jurisdiction of this state. The cause was thereupon remanded to the Deputy Commissioner for further testimony.
Pursuant to the order of the Full Commission, the Deputy held another hearing at which he heard only the testimony of the claimant. The Deputy thereupon found that the claimant should be denied compensation for the following reasons: (1) The claimant refused to secure medical attention despite excruciating pain and such refusal was unreasonable so as to prejudice the rights of the carrier; (2) Failure to contact the out-of-state office of the carrier *254 was unreasonable on the part of the claimant; and (3) The claimant had failed to prove that he was temporarily totally disabled during the period of time in question.
The Full Commission affirmed the Deputy, by a 2-1 decision, on a finding that the Deputy’s order was supported by competent substantial evidence. It is apparent from the order sought to be reviewed that the Full Commission gave great weight to at least two factors — (1) That the claimant’s letter to the carrier was not sufficient notice of a claim being made because the carrier had a right to rely on the evaluation given by the attending physician that the claimant had reached maximum medical improvement, and (2) That it was the prerogative of the Deputy to disbelieve a witness and to draw reasonable inferences from all the testimony and evidence. We feel that the first factor can be adequately answered by pointing up the fact that the attending physician had obviously made an erroneous evaluation of the claimant’s medical improvement. This is evidenced by the fact that after the claimant returned to Miami, Florida, in October or November, 1955, the same physician performed surgery and as a result thereof, the claimant reached maximum medical improvement. Therefore, if the carrier had a right to rely upon the evaluation given by its physician and that evaluation was erroneous, as the facts in this case indisputably show, then certainly the claimant could not be penalized for his erroneous judgment. Further proof that the claimant had not reached maximum medical improvement was directly brought to the carrier’s attention by the claimant’s letter to it of May 16, 1955, wherein he said in part:
“My thumb is still sore and painful and needs medication. Would appreciate necessary forms to receive treatments or possible surgery.”
Approximately eight months thereafter, surgery was performed upon his thumb by the carrier’s attending physician.
In analyzing the last factor considered by the Full Commission in affirming the order of the Deputy, it would be appropriate to preface that analysis with the observation that there is a vast difference between a finding based upon conflicting testimony and evidence and a finding based upon uncontradicted testimony and evidence. In those instances where the testimony and evidence are in conflict, it is the duty of the trier of facts to reconcile the differences, and if unable to do so, then to select that testimony and evidence that he feels is worthy of belief and that is more probable and reasonable under the circumstances. However, where the testimony and evidence are uncontradicted, a finding contrary to the manifest weight of such testimony and evidence could not be said to be supported by competent substantial evidence. We can find no evidence in the record before us except that which supports the position of the claimant. It is not the province of an appellate court to reverse findings where they are supported by competent substantial evidence. See United States Casualty Co. v. Maryland Casualty Co., Fla.1951, 55 So.2d 741. The importance of the Deputy’s findings is borne out by the statutory requirements of 440.25(3), Fla.Stat., F.S.A. However, we are not faced with a situation where there is presented some competent evidence or even conflicting evidence, but a situation where there was no evidence to support the findings. Obviously, the Deputy’s findings were based on matters that are dehors the record, for we have been unable to find any basis therefor in the record. The claimant was the sole witness. Findings wholly inadequate or not supported by the evidence will not be permitted to stand. See Hardy v. City of Tarpon Springs, Fla.1955, 81 So.2d 503; Straehla v. Bendix-We-Launder-Rite, Fla.1955, 81 So.2d 657; Andrews v. Strecker Body Builders, Fla.1957, 92 So.2d 521.
We are of the opinion that the Full Commission did not comply with the essential *255 requirements of law when it found that the order of the Deputy Commissioner was supported by competent substantial evidence. It follows, therefore, that the petition is granted, the order of the Full Commission is quashed and the cause is remanded to the Deputy Commissioner for further proceedings not inconsistent with this opinion.
Certiorari granted.
CARROLL, CHAS., C. J., and PEARSON, J., concur.