PEARSON, Judge..
Petitioners, who were claimants before the deputy commissioner, bring to this court a petition for writ of certiorari directing our attention to the affirmance by the Full Commission of the Florida Industrial Commission of an order of one of its deputy commissioners. The deputy commissioner’s compensation order denied death benefits to the petitioners for the death of their son upon the ground that the petitioners were not in fact dependents within the meaning of the Workmen’s Compensation Act. See § 440.16(2) (e), Fla.Stat., F.S.A.
We are not called upon to review the decision of the deputy commissioner. And it may well be, that upon reconsideration of this cause in the light of this opinion, there will be no' change in the decision. Our attention is directed to the fact that the deputy commissioner’s order is not in proper form. It has often been pointed out by the Supreme Court of Florida that one of the functions of the deputy commissioner is to make findings of fact. In carrying out this function it is necessary for the deputy commissioner to set forth distinctly the facts upon which he bases his ultimate decision. Ball v. Mann, Fla. 1954, 75 So.2d 758; Hardy v. City of Tarpon Springs, Fla.1955, 81 So.2d 503; Straehla v. Bendix-We-Launder-Rite, Fla. 1955, 81 So.2d 657; Chiles v. E. M. Scott Construction Co., Fla.1956, 91 So.2d 173; Andrews v. Strecker Body Builders, Fla. 1957, 92 So.2d 521; Fischer v. John W. Thomson & Son, Fla.1957, 92 So.2d 526.
 The order to which our attention is directed does not set forth the findings of fact upon which the decision of the deputy commissioner is based. It is apparent from a reading of the order that the deputy commissioner has attempted to take a short cut in this matter by setting out in separate paragraphs a brief review or summary of the testimony of each witness and then at the end of the recitals of the testimony making his conclusion. This practice has been disapproved by the Supreme Court of Florida. Ball v. Mann, supra, and Hardy v. City of Tarpon Springs, supra. The function of review by the full commission and that of this court in examining the record upon petition for writ of certiorari will be expedited by the practice of setting forth in numbered paragraphs the specific facts which the deputy commissioner finds from the testimony.
After these facts have been set forth briefly, the deputy commissioner is then *626 in a position to announce his decision, and the reviewing authority is enabled to determine the legal sufficiency of the decision in light of specific findings made.
The petition for writ of certiorari is granted, and this cause is returned to the full commission for the entry of an order remanding the cause to the deputy commissioner for the making of proper findings of fact and his decision thereon.
It is so ordered.
CARROLL, CHAS., C. J., and HORTON, J., concur.