PEARSON, Judge.
The employer brings a petition for writ ■of certiorari to review an order of the Full Commission of the Florida Industrial Commission, which vacated an order of the deputy commissioner. The claimant had been unsuccessful before the deputy ■commissioner, who made the following findings of fact:
“Upon consideration of the evidence presented in respect to such claim, the undersigned Deputy Commissioner finds:
“(1) That the Florida Industrial Commission has jurisdiction of the parties and the subject matter.
“(2) Counsel for the respective parties stipulated to the following facts .and I, therefore, find:
“1. That the claimant, Jayne W. Henry, was employed by the employer, Burdine’s Inc., during December, 1955, at an average weekly wage of $33.00 per week plus $3.00 per week meal allowance or a total average weekly wage of $36.00 per week.
“2. That medical treatment in the form of traction was not offered to claimant, Jayne W. Henry, by the employer, Burdine’s Inc.
“(3) Four medical reports were introduced into evidence by the claimant without objection and in lieu of the testimony of the reporting doctors. The claimant, Jayne W. Henry, is presently suffering from a probable ruptured disc between the 5th lumbar vertibra and the 1st sacral verti'bra for which surgery has been recommended.
“(4) The claimant’s testimony to the effect that she suffered an injury by accident, arising out of and in the course of her employment during December, 1955, was not corroborated by her witness. In addition, the claimant’s testimony was impeached by her own witness as to the time notice was given to the employer of the alleged accident. The claimant’s testimony was further impeached by the medical records of the employer, Burdine’s Inc., introduced in evidence indicating that no complaint was made on behalf of the claimant prior to March 31, 1956, and further that a complaint of a back injury had been made in the year 1954.
“(5) The undersigned Deputy Commissioner being aware of the claimant’s interest in the case, having heard the testimony and considered the evidence, finds that the claimant, Jayne W. Henry, has failed to prove the allegations of her claim, and the same should be dismissed.
“(6) The claimant, Jayne W. Henry, did not give notice of injury within the time prescribed by law and her claim should be dismissed.”
The full commission set aside the findings of the deputy commissioner and remanded the cause for the entry of an order awarding claimant workmen’s compensation benefits upon the authority of Caranci v. Miami Glass & Engineering Co., Fla.App.1957, 99 So.2d 252, which is a recent opinion from this court. A part of the language of the full commission’s opinion is significant:
“The claimant has applied for review, urging essentially that it was error for the Deputy Commissioner to deny the claim and that there was no conflicting or contradictory testimony and that on authority of Caranci v. Miami Glass & Engineering Co., Fla.1957, 99 So.2d 252, that the claim should have been found to have been compensable. We have closely examined the record and it appears that *922 claimant’s contention is well founded and on authority of Caranci v. Miami Glass & Engineering Co., said Order of the Deputy Commissioner should be vacated and set aside and the cause remanded to him for entry of an appropriate Order awarding claimant Workmen’s Compensation benefits.”
The record of the proceedings before the deputy commissioner reveals considerable conflict between the testimony of claimant and the testimony of the witness by which she attempted to corroborate the occurrence of the accident resulting in her injury as well as the giving of timely notice under the statute. In addition the exhibits introduced tended to contradict the giving of the notice.
It should be noted that the opinion in Caranci v. Miami Glass & Engineering Co., supra, was explicit upon the fact that there was no evidence in the record except that which supported the claimant.
“We can find no evidence in the record before us except that which supports the position of the claimant. It is not the province of an appellate court to reverse findings where they are supported by competent substantial evidence. See United States Casualty Co., v. Maryland Casualty Co., Fla.1951, 55 So.2d 741. The importance of the Deputy’s findings is borne out by the statutory requirements of 440.25(3), Fla.Stat., F.S.A. However, we are not faced with a situation where there is presented some competent evidence or even conflicting evidence, but a situation where there was no evidence to support the findings. Obviously, the Deputy’s findings were based on matters that are dehors the record, for we have been unable to find any basis therefor in the record. The claimant was the sole witness. Findings wholly inadequate or not supported by the evidence will not be permitted to stand. See Hardy v. City of Tarpon Springs, Fla.1955, 81 So.2d 503; Straehla v. Bendix-We-Launder-Rite, Fla.1955, 81 So.2d 657; Andrews v. Strecker Body Builders, Fla.1957, 92 So.2d 521.” [99 So.2d 254]
This cause does not come within the above stated rulé, for in this case although almost all the substantial testimony was introduced by the claimant, there are still definite conflicts in the evidence. The-claimant was unable to testify to the occurrence of an accident except in the most unspecific terms, and competent evidence of notice as required by statute is lacking.
Having concluded that there is competent evidence in the record to support the findings of the deputy, and that therefore' the writ should issue, the order of the full commission is quashed and the order of the deputy commissioner dismissing the claim is reinstated.
It is so ordered.
CARROLL, CHAS., C. J., and HORTON, T., concur.