WIGGINTON, Judge.
Petitioner seeks review by certiorari of an order entered by the Florida Industrial Commission affirming its deputy’s order dismissing petitioner’s claim on the stated ground that it is barred by the statute of limitations.
The claim, filed on August 13, 1957, was on a form provided by the Commission. The information contained therein reveals that petitioner was injured on March 10, 1939, while in the course of his employment by the State Road Department; his injuries consisted of cuts, bruises and a broken leg; that following his injury claimant returned to work, was assigned to light duties and has since received his regular wages in lieu of disability compensation; that a stipulation between petitioner and the Department providing for future medical treatment had been complied with until petitioner was notified on July 26, 1957, that the Department would pay no further medical expenses; that claimant was under the care of doctors for the injury he sustained and has not been released. Claimant asked for further treatment and an adjudication of his claim on its merits.
The Department filed a motion to dismiss the claim on the ground that it was barred by the statute of limitations. Upon hearing the motion, and without taking any testimony or evidence on the issue raised thereby, the deputy entered an order granting the motion and dismissing the claim. The order of dismissal contains many findings of fact based upon reports, orders and other extraneous information purportedly gleaned from the Commission’s files.
In its order sustaining the deputy’s ruling, the Commission held that it was proper for the deputy to consider documentary and other evidence contained in its files in passing upon the motion under consideration. The Commission’s order contains additional findings of fact which are likewise based upon documents and other information taken from its files, but which is not *595 included in the record before us for review.
Petitioner contends that it was error to dismiss his claim on the ground asserted by the motion for the reason that the facts recited in his claim establish as a matter of law that it is not barred by the statute of limitations. In support of this position, petitioner relies upon the established principle that payment of regular wages to a disabled employee who stays on the job but who, with the knowledge and consent of his employer does light work because of his disability, is deemed to be “payment of compensation” within the meaning of the statute providing that the period of limitation for filing workmen’s compensation claims does not begin to run until the date of last payment of compensation.[1] Petitioner further asserts that by its action the Department waived the statute of limitations, which waiver he was entitled to establish by evidence at a hearing on the merits of his claim.
The statute which prescribes the procedure to be followed in matters of this kind provides that the Commission shall not be bound by technical or formal rules of procedure, but may make its investigation or inquiry, or conduct its hearings in such manner as to best ascertain the rights of the parties.[2] In this case, however, the Commission entertained and assumed to pass upon a technical pleading in the form of a motion to dismiss the claim. Having done so, it was required to consider and determine the motion in accordance with established rules of law applicable thereto. No facts appearing in the claim from which it could be held as a matter of law that it was barred by the statute of limitations, the motion should have been denied.[3] Neither the deputy nor the Commission was justified in considering or relying upon extraneous evidence obtained either within or outside their official files in pas’sing upon the motion to dismiss.
We are of the view that if the Department desires to interpose the statute of limitations or any other defense to petitioner’s claim, it is free to do so. This should be done at a hearing before the deputy at which each party may present evidence in support of his position as contemplated by the statute[4], and have full opportunity of cross examination and rebuttal. The pertinent statute provides that the hearing on a claim shall be conducted by a deputy commissioner at which the claimant and employer may each present evidence in respect of such claim and may be represented by an attorney authorized in writing for such purpose. The various reports, agreements, stipulations and orders contained in the Commission’s files might well be proper items receivable in evidence at the hearing and considered by the Commission in adjudicating the defense of limitations or payment. The claimant should, however, be afforded the opportunity to question the authenticity or verity of such documents and to rebut or give his explanation of any evidence with which he might take issue.
From the findings of fact recited in the deputy’s order of dismissal it is manifest that his decision relies upon extraneous documents found in the Commission’s files, only a few of which were attached to his order and made a part of the record. The principle which governs appellate review of Industrial Commission’s orders provides that the order of the deputy will not be disturbed if it is found to accord with logic *596 and reason and is supported by substantial compentent evidence.[5]
We find great difficulty in understanding how this court can determine whether the deputy’s order is based upon competent substantial evidence when at least a part of the evidence on which he relied is not contained in the record submitted to us for review.
 The recitations of fact contained in the deputy’s order and the order of the full Commission insofar as they fail in support by evidence in the record before us for review, cannot be accepted by this court as true. It is the established law of Florida that findings based upon matters dehors the record or not supported by evidence in the record submitted to us for examination will not be permitted to stand.[6] Petitioner’s right to his day in court may not be abridged by the procedure followed by the Commission in this case.
Certiorari is granted, the order of the Commission is quashed and the cause remanded with directions that it be returned to the deputy commissioner for further proceedings consistent with the views herein expressed.
CARROLL, DONALD, J., concurs.

. Townsley v. Miami Roofing & Sheet Metal Co., Fla.1955, 79 So.2d 785; University of Miami v. Matthews, Fla.1957, 97 So.2d 111.

. F.S. § 440.29(1), F.S.A.,

. Hough v. Menses, Fla.1957, 95 So.2d 410; Chambers v. Chambers, Fla.App.1958, 102 So.2d 171.

. F.S. § 440.25(3) (b), F.S.A.

. United States Casualty Co. v. Maryland Casualty Co., Fla.1951, 55 So.2d 741.

. Caranci v. Miami Glass & Eng. Co., Fla.App.1957, 99 So.2d 252; Andrews v. Strecker Body Builders, Fla.1957, 92 So.2d 521; Strahela v. Bendix-We-Launder-Rite, Fla.1955, 81 So.2d 657; Hardy v. City of Tarpon Springs, Fla.1955, 81 So.2d 503.