PEARSON, Judge.
Petitioner was the claimant below. His claim alleged that he suffered a hernia arising out of and in the course of his employ *184 ment when he jumped to the ground from the track of a dragline. The Deputy Commissioner’s findings are in the form of his conclusions as follows:
“Upon consideration of all the evidence presented, the undersigned Deputy Commissioner finds:
“2. That the claimant contends the date of his alleged accident was May 3, 1957, although he did not work for Hooper Construction Company on that date.
“3. That the claimant’s average weekly wage for thirteen weeks preceding May 3, 1957 was $91.13 per week.
“4. That the claimant did not suffer an injury while in the course or scope of his employment resulting in a hernia.
“5. That the hernia did not immediately follow an accident within the course or scope of the claimant’s employment.
“6. That the claimant’s condition was not aggravated by any injury resulting from an accident arising out of or in the scope of his employment with Hooper Construction Company.
“7. The undersigned Deputy Commissioner has very carefully considered the testimony given at the final hearing on March 20, 1958 by the claimant in this cause and after evaluating same while considering the appearance and demeanor of each witness concludes that this claim must be denied.
“Wherefore, it is the order of the Florida Industrial Commission, by and through its undersigned Deputy Commissioner, that this claim be, and the same is, hereby denied in its entirety.”
Upon application for review the claimant urged that the Deputy Commissioner failed to set forth a clear and unambiguous statement of facts sufficiently definite to enable a reviewing authority to test the validity of the denial of the claim. The full commission affirmed without comment upon this ground of the application.
The petition for certiorari is granted inasmuch as the essential requirements of law were not met by the affirmance of an order of the Deputy Commissioner so lacking in adequate findings as to prevent a reviewing authority testing the validity of the award. Section 440.25(3) (c), Fla.Stat., F.S.A. Charlton v. Dan Brosnahan Construction Company, Fla.App.1959, 108 So.2d 624; Fischer v. John W. Thomson & Son, Inc., Fla.1957, 92 So.2d 526.
The writ of certiorari is granted with directions to the Florida Industrial Commission to remand the cause to the Deputy Commissioner for the entry of a compensation order including his factual conclusions or findings drawn from the evidence submitted.
It is so ordered.
HORTON, C. J., and CARROLL, CHAS., J., concur.