TERRELL, Justice.
In 1954 Henry Jaeger was employed by Food Fair Stores, Inc., as a night watchman and porter. In January 1957, Jaeger injured his back while lifting a tub of ice at his employer’s warehouse. He continued work for petitioner though never free from pain. In December 1957, while loading ice for his employer, additional pain in the back struck him from which he has since been unable to work. Later the position of watchman and porter was abolished. Claimant kept in touch with petitioner in order to keep his name on the available list but has not been rehired.
Petitioner furnished remedial treatment and paid compensation until August 1, 1958, at which time Jaeger reached his maximum degree of recovery from the disabling effect of his injury. His doctor testified that he had a ten per cent permanent partial disability of the body as a whole resulting from his injury.
August 22, 1958, a claim was filed with Florida Industrial Commission seeking additional benefits including further compensation, further remedial treatment, attorney’s fees, penalties and interest. Hearings were held in November 1958, and in February and May, 1959, resulting in an order dated June 25, 1959, awarding additional compensation and other benefits to the claimant. From this order of the Deputy Commissioner appeal was prosecuted to the full Commission and a cross appeal was prosecuted on behalf of claimant. The full Commission affirmed the order of the Deputy Commissioner. We are confronted with an appeal by certiorari from the order of the full Commission. Claimant having died since the lodging of the appeal in this court, motion was made and granted to substitute his wife and sole survivor, Minna Martha Jaeger, for him.
The parties are not in agreement as to questions presented but in our view the following may be stated as a fair rendering of the essential question presented: When the full Commission affirmed the order of *690 the Deputy Commissioner, did it proceed in compliance with the rule approved in United States Cas. Co. v. Maryland Cas. Co., Fla.1951, 55 So.2d 741, as well as the standard approved in Hardy v. City of Tarpon Springs, Fla. 1955, 81 So.2d 503.
The Deputy Commissioner did not detail the testimony of each witness but he did say that after all the testimony was considered, including exhibits, he resolved the conflicts and pronounced the following:
“Upon consideration of all the evidence presented, and my observation of the demeanor and candor of the witnesses, it is found as follows:
“1. That the claimant, Henry Jae-ger, was injured by two accidents arising out of and in the course of his employment at a supermarket owned by the employer, Food Fair Stores, Inc., on January 10, 1957, and December 26, 1957.
“2. That the claimant’s average weekly wage of $60.60 prior to both of the accidents, sixty cents of which was a 5 per cent discount allowed on groceries purchased by the employee based on an average purchase of approximately $12 per week, same having been purchased from the employer.
“3. That the claimant reached his maximum medical recovery on August 1, 1958.
“4. Claimant was paid temporary total disability at the maximum rate of $35. per week from December 27, 1957, through July 31, 1958.
“5. At the time of the hearings held hereon, the claimant had received 10 per cent permanent partial disability of the body as a whole, same payment having begun on August 1, 1958, and discontinued on April 1, 1959, at the maximum rate of $35 per week.
“6. Claimant will from time to time require further remedial services for his back condition, and consistent with the statutes made and provided, same shall be furnished by the employer.
“7. Dr. Borken testified that claimant had a permanent functional disability or impairment of 20 to 30 per cent of the body as a whole. The claimant visibly demonstrated his functional impairment before me.
“8. Based on the foregoing findings of fact, that as a result of the accident the employee has a 25 per cent permanent partial functional disability of the body as a whole.
“9. Penalties as provided in FSA [§] 440.20(5) are denied and excused.
“10. That interest on any installment of permanent partial disability compensation not paid when due shall bear interest at the rate of 6 percent per annum from the date same became due until paid.
“11. Claimant’s attorney, Charles F. Lindsay, is entitled to a reasonable attorney’s fee for services rendered on behalf of the claimant.
“Wherefore, based upon the aforesaid findings of fact, the self insured employer, Food Fair Stores, Inc., is ordered to pay as follows:
“1. Pay to the claimant permanent partial disability compensation in the additional amount of 15 per cent disability of the body as a whole, constituting 521/2 weeks to be paid in excess of the 10 per cent permanent partial disability of the body as a whole. All payments of permanent partial compensation are to have begun at the time the claimant reached maximum medical recovery on August 1, 1958, and payable at the maximum rate of $35 per week.
“2. Furnish to the employee such medical treatment, care and attendance in the future as the nature of the in *691 jury or the process of recovery may require.
“3. Pay interest on any permanent partial disability installment of compensation not paid when due at the rate of 6 per cent per annum from the date same became due until paid.
“4. Claim for penalties as provided in FSA [§] 440.20(5) are herewith denied.
“5. Pay all costs of this proceeding, including but not restricted to the following: expert witnesses fees to Dr. Claude D. Holmes, Jr., Dr. Norman Borken and Jerry Fix.”
An examination of these findings and order of the Deputy Commissioner discloses that all essential conflicts were resolved in substantial compliance with the rule approved in Ball v. Mann, Fla.1954, 75 So.2d 758, and Charlton v. Dan Brosnahan Const. Co., Fla.App.1959, 108 So.2d 624. There are eleven separate findings associated with six facts detailed to support. They might have been stated in better form but certainly it is shown that the Deputy Commissioner knew what he was doing and gave very careful consideration to his order.
Another significant fact is that the Deputy Commissioner had the claimant to demonstrate his impairment in his presence which was approved in Andrews v. Strecker Body Builders, Inc., Fla.1957, 92 So.2d 521, and Magic City Bottle & Supply Co. v. Robinson, Fla.1959, 116 So.2d 240. In this connection, petitioner challenges the use of the concepts “disability” and “functional” or functional disability within the definition set out in § 440.02, Florida Statutes, F.S.A., but we do not consider that a discussion of these concepts would enlighten the question before us.
We have given careful consideration to each and every point raised by petitioner, including the cases cited, all of which turn on the consideration of the evidence. We would not say that these are not circumstances to support its contention but we find ample support for the finding and judgment of the Deputy Commissioner. We further find that the Deputy Commissioner made findings of fact sufficient to support the award. It is also our view that bearing in mind the different factual basis on which the instant case was grounded, the order here accords with what we held to be requirements in Ball v. Mann, and United States Cas. Co. v. Maryland Cas. Co., supra.
The petition for certiorari is therefore denied.
THOMAS, C. J., and ROBERTS, THORNAL and O’CONNELL, JJ., concur.