THORNAL, Justice.
We have for review an order of the Florida Industrial Commission which reversed an order of a deputy who had awarded additional benefits to an employee because of a change in her condition.
The principal point for decision is whether a deputy commissioner may rely upon lay testimony as against medical testimony in a modification proceeding.
Qaimant Maxine Jeffers sustained a com-pensable industrial injury on February 3, 1960. She was paid temporary total disability benefits until maximum medical recovery on October 5, 1960. On February 17, 1961, the parties entered into a written stipulation which was approved by a deputy commissioner. The stipulation provided for compensation benefits on the basis of a 20% permanent partial disability.
On October 12, 1962, claimant filed a petition for modification, based upon “a change in claimant’s condition and/or mistake in fact.” After hearing the testimony of a number of witnesses, both lay and medical, the deputy found a change in the physical condition of the claimant following the stipulation of February 17, 1961. He found that at the time of his order, December 19, 1963, she was suffering a 45% permanent partial disability of the body as a whole. Upon review the Full Commission disagreed with the deputy and held that there was no competent substantial evidence to support the modification petition. In effect the Full Commission held that since this was a modification proceeding the burden was on the claimant to prove a change in her condition “which the medical testimony has not shown”. Hence, it concluded that no additional benefits could be awarded. We have this order for review.
The employer argued before the Fuli Commission, and argued here, that the *578 deputy committed error in granting the petition for modification where there was no medical evidence to support it. The Full Commission appears to have agreed. It seemed to be their view that a modification order could not be entered on the basis of physical evidence and lay testimony in the face of contrary medical opinion.
It is now established that in a workmen’s compensation matter the deputy commissioner should consider and evaluate all of the evidence, both lay and professional. Admittedly, the opinions of the doctors are not to be lightly brushed aside. Nevertheless, it is altogether appropriate in a proper case for the deputy to give greater weight to physical evidence and lay testimony than he accords to the scientific opinions of the experts. Star Fruit Co. v. Canady, 159 Fla. 488, 32 So.2d 2; Andrews v. Strecker Body Builders, Fla., 92 So.2d 521; Magic City Bottle and Supply Co. v. Robinson, Fla., 116 So.2d 240.
Consistently, we have held that the lay testimony should be considered along with the medical. Andrews v. Strecker Body Builders, supra. When a deputy relies upon one as against the other, he should state his reasons for so doing, just as he must do when he follows one doctor instead of another. Andrews v. C. B. S. Division, Maule Industries, Fla., 129 So.2d 132. The order of the deputy here adequately reflected his reasons for accepting the lay testimony.
There is nothing peculiar about a modification proceeding under Section 440.28, Florida Statutes, F.S.A., that requires a different rule. In fact, the cited statute requires that the modification petition be processed according to procedures for processing an original claim. Section 440.25, Florida Statutes, F.S.A.
In the ultimate, the Full Commission here merely appears to have disagreed with the deputy on the result which he reached. We could analyze the testimony bit by bit, but it would serve no useful purpose. The deputy clearly considered the factors prescribed by Ball v. Mann, Fla., 75 So.2d 758. He delineated in his order the ultimate facts and relevant evidence which supported his judgment. Our study of the record leads us to conclude that the judgment of the deputy was supported by competent, substantial evidence and should have been affirmed under United States Casualty Company v. Maryland Casualty Co., Fla., 55 So.2d 741.
The order of the Full Commission is quashed and the cause is remanded to the Commission with directions to reinstate the order of the deputy.
It is so ordered.
DREW, C. J., and THOMAS, ROBERTS and O’CONNELL, TT., concur.