ENGLAND, Justice.
This case is brought by writ of certiora-ri to review an order of the Industrial Relations Commission holding that petitioner’s claim for workmen’s compensation is barred by the statute of limitations. This order reversed the Judge of Industrial Claims, who had ruled that petitioner’s claim was timely filed. We hold that the Commission was correct.
Petitioner sustained a compensable hernia injury in 1967, for which respondent provided all appropriate treatment costs. Approximately six months after his return to work, petitioner developed small boils in the area of the operation and experienced discomfort. He did not then, however, specifically notify respondent of these problems or seek medical treatment. The applicable statute of limitations would bar any claim arising out of the hernia injury after 1969, two years from the employer’s last voluntary payment of compensation or authorization for remedial care.[1] It was not until 1971 that petitioner first sought treatment and learned that his discomfort was attributable to his 1967 hernia operation. His claim for workmen’s compensation benefits was filed in 1972, more than four years after his employer’s last payment of compensation.
The Judge had ruled, presumably under our decision in Townsley v. Miami Roofing & Sheet Metal Company,[2] that the statute of limitations had not run against petitioner because respondent (i) had allowed him to do lighter work and (ii) had acquired knowledge of the condition within two years of the last payment of compensation. The Commission determined that these findings were unwarranted by the evidence.
*224 With respect to the employer’s knowledge, the record shows that petitioner did make some complaints to respondent’s personnel regarding his health within the two years after receiving his last compensation benefits, but that he lost no time at work as a result of physical problems and made no statements which would lead respondent to believe that the disabilities were associated with his 1967 hernia. In fact, petitioner conceded at the hearing on his claim that he had not connected his discomfort with the hernia until 1971, when he sought medical treatment in the course of processing a claim for group insurance benefits. The facts here as to his employer’s awareness of the condition are less compelling than those in University of Miami, Inc. v. Matthews, 97 So.2d 111 (Fla.1957), where we held that the statute of limitations was not tolled.
With respect to the Judge’s finding that respondent permitted petitioner to do lighter work because of his condition, we again find the record deficient to support this finding. Except for a period when petitioner was promoted from route salesman to supervisor, the only diminution in his work involved duties over which peti--tioner exercised discretion. His responsibilities were unchanged.
Petitioner also argues that, regardless of any technical defects in the claims procedure he should have followed, the statute of limitations should not be so rigidly applied as to cause hardship where the compensable nature of an injury could not reasonably be detected. That may be a philosophy appropriate to this type of employee benefit, but petitioner has not brought himself within the ambit of the policy. If the physical difficulties were as petitioner asserts, there is no plausible explanation for his delay in seeking treatment or requesting compensation.[3]
The Commission acted within the scope of its review authority by inquiring whether the record contains competent evidence to support the Judge’s finding.[4] Having found none, it properly reversed the decision below. The petition for a writ of certiorari is denied.
ADKINS, C. J., ROBERTS, OVER-TON, SUNDBERG and HATCHETT, JJ-, and SHOLTS, Circuit Judge, concur.

. Sections 440.13(3) (b) and 440.19(1) (a), Fla.Stat. (1967).

. 79 So.2d 785 (Fla.1955).

. Petitioner’s failure to seek medical treatment for alleged problems following his hernia operation would, if the problems were disabling, constitute a lack of reasonable care on his part. Lobnitz v. Orange Mem. Hosp., 126 So.2d 739 (Fla.1961).

. United States Cas. Co. v. Maryland Cas. Co., 65 So.2d 741 (Fla.1961).