352 So.2d 44 (1977)
JOHN CAVES LAND DEVELOPMENT COMPANY et al., Petitioners,
v.
Kenneth SUGGS et al., Respondents.
No. 50081.
Supreme Court of Florida.
May 5, 1977.
Rehearing Denied December 14, 1977.
Harry D. Robinson and Edna L. Caruso, Montgomery, Lytal, Reiter, Denney & Searcy, West Palm Beach, for petitioners.
Carl M. Mathison, Jr., Palm Beach, for respondents.
ENGLAND, Justice.
This case is before us on a petition for a writ of certiorari to the Industrial Relations Commission. Kenneth Suggs died in a 1973 industrial accident for which his parents claimed dependency benefits of $80.00 weekly. The Judge of Industrial Claims denied the claim, but the Commission reversed. We have jurisdiction to review that decision under Article V, Section 3(b)(3) of the Florida Constitution and Section 440.27, Florida Statutes (1975).
The only legal issue properly before us is whether a Judge of Industrial Claims must expressly state in his order that the testimony of a particular witness is not credible in cases where he reaches that conclusion.[1] We find no such requirement in the law.
As we recently explained in Vargas v. Americana of Bal Harbour, 345 So.2d 1052 (Fla. 1976), each Judge of Industrial Claims must reduce to writing only his findings of "ultimate facts".[2] The specificity required in his findings is dependent upon the complexity of the factual dispute, but the Commission may remand any case for greater *45 explication when, in its judgment, additional findings are required for its review. An order of remand will not be disturbed by this Court unless the Commission's remand can be shown to be arbitrary.
In this case the Commission expressed doubt as to the basis of the Judge's decision not to award dependency benefits. It noted that the only legally sufficient basis for denial was a rejection of the testimony of Kenneth Suggs' parents, but it declined to assume such a rejection:
"The Order obviously implies some doubts but for this Commission to interpret the Judge's language into a finding that the testimony was not believable would, in our judgment, be far more speculation than we are permitted or that good appellate review requires."
The Commission chose to assume that the Judge had believed the testimony, and it found his order denying benefits without support in the record. We hold this was error under the circumstances of this case.
Questions regarding credibility of witnesses are solely within the province of the Judge of Industrial Claims and his resolution of those questions will not be reversed unless clearly arbitrary and unreasonable. Grillo v. Big "B" Ranch, 328 So.2d 429 (Fla. 1976). The Commission recognized that the order of the Judge in this case "implies some doubts" and it determined on its own evaluation that the Suggs' testimony "was not of the highest order". Nonetheless, the Commission reversed the decision of the Judge, apparently because the Suggs' testimony was not controverted. This feature of the Commission's decision was error. As we explained in Tatum v. Leon Moss Dairy, 339 So.2d 639 (Fla. 1976) (another decision rendered after the Commission's ruling in this case), a fact finder is not required to accept uncontroverted testimony which he does not believe.
Under the circumstances of this case, the Commission could have remanded the case and asked the Judge of Industrial Claims to clarify the basis of his order, or it could have accepted as an ultimate fact the obvious doubt of the trier of fact as to the credibility of the Suggs' testimony.[3] It could not, however, determine the credibility of witnesses from a cold record on the sole ground that the Judge did not expressly state that he disbelieved the testimony of particular witnesses.
The writ of certiorari is granted, the order of the Commission is quashed, and this case is remanded for further proceedings consistent with this opinion.
It is so ordered.
OVERTON, C.J., and SUNDBERG and KARL, JJ., concur.
ADKINS, BOYD and HATCHETT, JJ., dissent.
NOTES
[1] In their briefs the parties have principally argued the sufficiency of the evidence and, tangentially, the credibility of the witnesses. We do not view these questions to be properly before us. The Commission applied the legal standards set forth by this Court in MacDon Lumber Co. v. Stevenson, 117 So.2d 487 (Fla. 1960), and no one suggests that the MacDon case should be reconsidered. Whether the evidence was sufficient to meet the applicable legal standard is a question primarily for the Commission to decide on the basis of the findings of the Judge of Industrial Claims. Chicken `N' Things v. Murray, 329 So.2d 302 (Fla. 1976). This Court will not resolve sufficiency of the evidence issues unless intertwined with, and incidental to, important issues of law requiring resolution by this Court. See, for example, Sherrill v. Fuchs Baking Co., 327 So.2d 222 (Fla. 1976); Mahler v. Lauderdale Lakes Nat'l Bank, 322 So.2d 507 (Fla. 1975).
[2] § 440.25(3)(c), Fla. Stat. (1975). The Commission did not have the benefit of our Vargas decision when it acted in this case.
[3] We note that the Commission remanded for further fact finding as to the level of financial dependency. It would have been appropriate under these circumstances to combine instructions to the Judge of Industrial Claims on remand and direct the financial fact finding only if the error perceived on review was clarified in favor of the claimants; that is, if the Judge did believe the Suggs' to some extent so that dependency was in fact proved.