JOANOS, Judge,
dissenting.
I respectfully dissent from the majority opinion. The order on appeal should be affirmed.
(1) The majority has stated that in their view the facts demonstrated that claimant was unable to perform all of the duties of his job at the time he was fired. The evidence does seem to reflect, as the majority has stated, that following the accident the claimant received a pay cut and had to have some help with loading and unloading the trucks. However, the evidence can reasonably be construed as was done by the deputy that at the time he was fired, claimant was performing his duties, was receiving the same pay as that received by the other drivers, and was fired for reasons unconnected with his injury.
(2) The majority states that the deputy commissioner overlooked evidence that an additional worker was assigned to help the claimant and that loading and unloading a truck was an essential part of his job. The deputy commissioner did not overlook that at all. In the order appealed from, as stated by the majority opinion, it is specifically pointed out that the additional worker was hired and that claimant could no longer do the loading and unloading by himself. These circumstances were not pivotal to the deputy commissioner, because, again, the important thing was that at the time claimant was fired, he was doing the job and getting paid the same as the other drivers and was not fired because of the injury. Further the deputy pointed out that there was no evidence that claimant’s failure to find work following his termination was due to the restrictions caused by the injury. This was bolstered by the evidence that following his termination, claimant was hired as a truck driver and worked for another employer until the end of a season. It was, after all, claimant’s burden to show that his failure to secure employment was caused by the compensable injury. I see no reversible error in the deputy commissioner’s determination that the burden was not met.
(3)Lastly, I disagree with the majority’s interpretation that the deputy commissioner’s acceptance of Bill Donald’s testimony “... because of the lack of competent, substantial evidence to the contrary” was a violation of the principle that “a fact finder is not required to accept uncontroverted testimony which he does not believe.”, set forth in John Caves Land Development Co. v. Suggs, 352 So.2d 44, 45 (Fla.1977). The statement that evidence is “vague and questionable” is not, in my opinion, the same as saying that it was not believed.