642 So.2d 1188 (1994)
GTE and Kemper National Insurance, Appellants,
v.
Ivory MILLER, Appellee.
No. 93-3403.
District Court of Appeal of Florida, First District.
September 29, 1994.
*1189 Debra M. Metzler and Mary Ann Stiles of Stiles, Taylor & Metzler, P.A., Tampa, for appellants.
Alexander G. Paderewski of Paderewski & Sweeting, P.A., Sarasota, for appellee.
KAHN, Judge.
GTE and Kemper National Insurance (E/C) challenge a workers' compensation order entered in favor of the claimant, Ivory Miller. The issue presented is whether the order awarding benefits for Miller's cervical injury is supported by competent substantial evidence. In the view of the Judge of Compensation Claims (JCC), as articulated in the order on appeal, the question of medical causation turned primarily upon whether Miller complained of neck pain consistently and beginning soon after her October 10, 1990 industrial accident. At the hearing, Miller testified to such a history. Expert medical testimony presented by Miller indicated that assuming she complained of neck pain immediately after her accident, and continuing thereafter, medical probability would support a causal relationship between Miller's accident and the cervical abnormalities ultimately diagnosed in April 1991. The JCC accepted Miller as a credible witness and further found Miller had suffered no other traumatic injuries other than the October 10, 1990 accident. We affirm, and in so doing note that the JCC performed his function as contemplated by this court's en banc decision in Ullman v. City of Tampa Parks Department, 625 So.2d 868 (Fla. 1st DCA 1993).
E/C have argued that, based upon Ullman, we should reverse since the factual foundation for the medical testimony in this case is not sound. The factual foundation pointed to by the E/C is the testimony of Ms. Miller, characterized by E/C as "unclear" and containing "discrepancies." Such an argument for reversal is not supported by Ullman. In that case we focused upon the authority and responsibility of the JCC as finder of fact in workers' compensation claims. We did not limit the JCC's fact-finding authority to questions involving the occurrence of an accident; rather, we noted, "questions of occurrence of an accident, and medical causation, are often intertwined." 625 So.2d at 873.
Although Ullman ultimately turned on the question of whether or not an industrial accident occurred, we observed that the happening of an accident was but one factor "among historical facts related by Mr. Ullman to his doctors." Id. We thus recognized that when a physician relies upon history, whether of the accident itself or of complaints of pain thereafter, it is within the province of the JCC to determine whether such history is credible or not. The JCC may give greater weight to lay testimony than to scientific opinions of experts. Id.; Jeffers v. Pan American Envelope Co., 172 So.2d 577 (Fla. 1965).
In the present case the JCC believed Miller's complaints of immediate onset of continuing neck pain. The medical experts conceded that causation could be supported by medical probability, assuming the history of neck pain was accurate. For purposes of resolution of the case, it was not the province of the physicians to determine whether the claimant's history was indeed credible. That determination is for the judge. Ullman; Tampa Bay Moving Systems, Inc. v. Frederick, 433 So.2d 628, 630 (Fla. 1st DCA 1983) *1190 ("the [JCC], not a doctor, is the finder and adjudicator of fact...").
In Ullman we affirmed a denial of benefits. In the present case we affirm an award of benefits. Such is completely consistent with our resolve in Ullman to "reaffirm our adherence to the traditional rule defining the role of the fact-finder in workers' compensation cases." 625 So.2d at 872. See also, Easkold v. Rhodes, 614 So.2d 495 (Fla. 1993).
The same standard of review applies whether the JCC denies benefits because the claimant lacks credibility as to an important factual matter, or awards benefits upon finding the claimant, or another critical witness, an accurate and credible reporter of the facts underlying a medical opinion:
This court does not retry workers' compensation claims at the appellate level, nor do we substitute our judgment for that of the JCC on factual issues supported by competent substantial evidence.
Ullman, supra, 625 So.2d at 874.
AFFIRMED.
MICKLE and VAN NORTWICK, JJ., concur.