Proceeding under the Workmen's Compensation Law by Richard Rosier, claimant, opposed by Roofing Sheet Metal Supply Co., employer. From judgment of Circuit Court on appeal from Florida Industrial Commission ruling that claimant was entitled to compensation for eight weeks temporary total disability and attorney's fees, but denying him compensation for permanent partial disability, the claimant appeals and defendant filed cross assignments of error.
Affirmed.
In the course of his employment by appellee, appellant sustained injuries which necessitated the removal of one of his testicles. The Deputy Commissioner ruled that he was not entitled to compensation for permanent partial disability but that he was entitled to compensation for temporary total disability of two weeks. On appeal the Circuit Court ruled him entitled to compensation for eight weeks temporary total disability, denied him compensation for permanent partial disability, but awarded him attorneys fees. The claimant appealed and the defendant filed cross assignments of error.
The first question for determination is whether or not claimant was entitled to compensation for eight weeks temporary total disability.
Appellee contends that the Circuit Court's allowance of compensation for eight weeks temporary total disability was error because the evidence shows that claimant returned to work two weeks after the loss of his testicle and continued thereafter in said employment. An examination of the evidence does not show that the loss and damage to claimant was as simple as that. The medical evidence shows that eight weeks is a fair maximum allowance for temporary total disability in such a case, and there was other evidence to corroborate the trial court's findings on this point. The mere fact that claimant returned to work in two weeks does not necessarily conclude the point. The trial court so found and we find ample support for his finding in the record.
The next question is whether or not claimant's injury entitled him to compensation for permanent partial disability, denied him by the Circuit Court.
The answer to this question turns on the interpretation of Section 440.15(3)(u), F.S.A. The theory of the Workmen's Compensation Law is that one recovers compensation when there is an impairment of earning capacity or when by accident or otherwise, he brings himself within one or more of the categories of disability defined therein. Section 440.15(3) enumerates the injuries for which compensation may be recovered. The injury to claimant is not included in any of these categories but Section440.15(3)(u) is a blanket provision designed to cover and provide relief for other injuries not included in the list defined in Section 440.15 (3). If relief is not provided within the bounds of these statutes, it cannot be recovered in an action under the Workmen's Compensation Law.
If claimant had brought an action for personal injuries based on negligence of appellee, we would be confronted with a different case, but here the action is brought under the Workmen's Compensation Law which is limited to compensation for diminution of earning capacity, the issues were made and the case was tried on that theory and the evidence is not such that a judgment on any other theory could be awarded. We think he brought himself within the provisions of Section 440.15(3), F.S.A.
It follows that the trial court assayed both points correctly so his judgment is affirmed.
Affirmed.
ADAMS, C.J., and CHAPMAN, THOMAS, SEBRING and BARNS, JJ., concur.
HOBSON, J., not participating. *Page 310