75 So.2d 758 (1954)
Frederick J. BALL, Petitioner,
v.
J. MANN, Indemnity Insurance Company of North America, and Florida Industrial Commission, Respondents.
Supreme Court of Florida. Division B.
September 24, 1954.
Rehearing Denied October 27, 1954.
*759 Charles J. Bodner, Miami, for petitioner.
Lawrence G. Lally, Miami, Burnis T. Coleman and Rodney Durrance, Tallahassee, for respondents.
DREW, Justice.
Claimant, a carpenter, suffered a back injury for which he received compensation at the maximum rate of $35 weekly for temporary total disability under an order of the Deputy Commissioner entered January 31, 1953.
On December 31, 1953, pursuant to a hearing at the employer's application, the Deputy Commissioner found in substance that claimant had reached maximum recovery on October 27, 1953 and that he suffered "permanent partial disability of the body as a whole of 20% thereof," and the Deputy Commissioner ordered payment to claimant for permanent partial disability of the body as a whole to the extent of 20%.
The Full Commission affirmed the order of the Deputy Commissioner. Claimant, in seeking review by certiorari of that order, contends here, as he did before the Full Commission, that the award is contrary to law because it is based upon impairment of body function instead of upon impairment of earning capacity.
The compensation for permanent partial disability is prescribed in Section 440.15(3), F.S. 1951, F.S.A. Injuries specifically scheduled in this section are to be compensated by payment of sixty per cent of the employee's average weekly wage for the number of weeks specifically set forth for each described type of injury. Injuries not scheduled, such as the one here involved, are described as "other cases"; and for these compensation in the amount of sixty per cent of the employee's average weekly wage is to be paid "for such number of weeks as the injured employee's percentage of disability is of three hundred fifty weeks." Section 440.15(3) (u).
The last quoted sub-paragraph must be read in pari materia with Section 440.02(9), F.S. 1951, F.S.A., which defines the word "disability" as used in the Workmen's Compensation Law to mean "incapacity because of the injury to earn in the same or any other employment the wages which the *760 employee was receiving at the time of the injury." Upon alignment of this definition of disability along with the quoted language of Section 440.15(3) (u), supra, it is clear that the word "disability" as there used refers to diminution of capacity to earn resulting from a physical impairment caused by the injury to the body and not merely to the physical impairment itself. These two concepts are distinctly different; and under our Workmen's Compensation Law, compensation is limited in these "other cases" to compensation for diminution of earning capacity. See Rosier v. Roofing & Sheet Metal Supply Co., Fla., 1949, 41 So.2d 308.
The difference is important because decreased earning capacity is not necessarily proportional to general physical functional impairment. See Crow v. Industrial Commission, 104 Utah 333, 140 P.2d 321, 148 A.L.R. 316, 318. And no one standard is conclusive in the determination of the degree of incapacity to earn the same wages as prior to an injury. Instead there should be taken into consideration, among other things, such variables as the injured employee's physical condition, age, industrial history, education, and inability to obtain the type of work which he can do insofar as affected by the injury. See Eastern S.S. Lines, Inc. v. Monahan, 1 Cir., 1940, 110 F.2d 840, 842.
In disposing of a claim for compensation, a Deputy Commissioner has a duty to make findings of fact. Section 440.25 (3) (b), F.S. 1951, F.S.A. Mere recitals of the evidence do not satisfy this requirement. A Deputy Commissioner should resolve all conflicts in the evidence upon material matters and make specific findings of fact sufficient to show clearly the basis for the award. By adherence to this procedure, the record will advise the litigants, and they are entitled to know, of the facts taken into consideration in assessing an award and will facilitate the task of any reviewing authority.
In the instant case, the Deputy Commissioner apparently proceeded on the theory that the disability referred to in the quoted portion of Section 440.15(3) (u), supra, meant only disability with reference to impairment of bodily function. Accordingly he made no findings as to whether by virtue of the injury the claimant suffered any reduced capacity to earn in the same or other employment the wages which the claimant was receiving at the time of injury. Instead, he based the 20% disability rating ordered only upon a finding that the bodily function as a whole had been impaired to the extent of 20%. Where there is a failure, as here, to make a finding of a material fact essential to an award, it must, upon appropriate challenge, be set aside. Matlock v. Industrial Commission, 70 Ariz. 25, 215 P.2d 612.
The respondent urges that the award must stand because it is supported by competent, substantial evidence. It is true that findings of fact made by the Deputy Commissioner are conclusive when supported by the evidence. Wilson v. McCoy Mfg. Co., Fla. 1954, 69 So.2d 659; U.S. Casualty Co. v. Maryland Casualty Co., Fla. 1951, 55 So.2d 741. However, it must further appear that the award is correct under the law. Naranja Rock Co., Inc. v. Dawal Farms, Inc., Fla. 1954, 74 So.2d 282. The record in the instant case shows that the award does not meet this test because the Deputy Commissioner did not find that the employer who initiated the proceedings for reduction in compensation had established a change in earning capacity of the employee.
The award entered December 31, 1953, excepting the portion relating to fees for claimant's attorney, is set aside and the cause is remanded to the Deputy Commissioner for further consideration in the light of the views herein expressed. Such Deputy Commissioner is authorized to conduct further hearings, if, in his judgment, such is necessary.
ROBERTS, C.J., and THOMAS and HOBSON, JJ., concur.