116 So.2d 617 (1959)
SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY and Florida Industrial Commission, Petitioners,
v.
Jack R. BELL, Respondent.
Supreme Court of Florida.
October 14, 1959.
Petition for Rehearing or Clarification Denied December 2, 1959.
*618 Nathan H. Wilson, Jacksonville, and Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, for Southern Bell Telephone & Telegraph Co.
Burnis T. Coleman and Paul E. Speh, Tallahassee, for Florida Industrial Commission.
Truett & Watkins, Tallahassee, for respondent.
O'CONNELL, Justice.
This is a petition for certiorari directed to a decision of the District Court of Appeal, Third District, which opinion is reported in 108 So.2d 483. We issued the writ and have heard argument by the parties.
Petitioners contend that the opinion of the district court is in direct conflict with the decision of this Court in Ball v. Mann, Fla. 1954, 75 So.2d 758. This contention is the sole issue before us.
Respondent joins issue on this question arguing that the conflict in decisions necessary to invoke the jurisdiction of this Court must be apparent from the printed opinions involved and that there is no such conflict apparent here.
We think that there is such a conflict and that such is abundantly clear from the opinion of the district court in this case and that of this Court in Ball v. Mann, supra.
The respondent claimant, Jack R. Bell, suffered a non-scheduled injury to his back, compensable under § 440.15(3) (u), F.S.A. The injury resulted in a functional disability of 20% of the body as a whole. The question before the deputy was whether the claimant had suffered a disability or diminution of earning capacity as defined in § 440.02(9), F.S.A., and if so the extent thereof.
*619 The deputy in his order allowing compensation made this finding:
"Claimant's present employment as a PBX installer-repairman requires certain lifting and bending in which claimant is restricted by reason of his back injury and subsequent operation. Claimant, as a result of the injuries suffered in the accident of October 11, 1952 is now unable to climb telephone poles or string wire as he could and was required to do prior to and at the time of his accident. While claimant has been able to perform the duties of his employment since the period of his temporary total disability immediately following the accident, and in the course of his employment has received certain promotions in status and increases in compensation, nevertheless, the presumption of future earning capacity loss as established in Marsiglia v. Eastern Air Lines stands unaltered by the evidence of the employer that claimant shall be secure in his employment in the foreseeable future. The test is `What is his ability to compete in the open labor market for the remainder of his life?'" (Emphasis ours.)
Based upon this finding the deputy made the conclusion of law that claimant had suffered a permanent partial disability of 20% loss of future earning capacity.
As noted in the opinion of the district court, the full commission reversed the deputy on the ground that the facts indicated that there had been no diminution of earning capacity. In arriving at this ruling the majority of the full commission said:
"* * * There has been no showing, and the record is devoid, of evidence indicating that the future of this employee is uncertain, or that the employee will not be able to continue in his employment in the future. On the contrary, the pattern established by the evidence reveals that the employee has considerably increased his earning capacity and his ability to earn. * * *"
One of the members of the commission dissented, a portion of his opinion being repeated and concurred in by the district court in its opinion in this case, in which it quashed the order of the full commission.
The first area of conflict in the opinion of the district court and the opinion of this court in Ball v. Mann, supra, is found in the apparent adoption by the district court of the rule or presumption established by the full commission in the case of Marsiglia v. Eastern Air Lines, Inc., 1 Fla.Comp.Rep. 77, at page 79 (certiorari denied Fla., 85 So.2d 762). While it is so well established as not to require explanation, we point out here again that denial of certiorari by an appellate court cannot be construed as a determination of the issues presented in the petition therefor and cannot be utilized as precedent or authority for or against the propositions urged or defended in such proceedings. Collier v. City of Homestead, Fla. 1955, 81 So.2d 201. The denial of certiorari by this Court in the Marsiglia case cannot therefore be urged as approval by this Court of the rule announced therein.
The opinion of the full commission in the Marsiglia case stands for the proposition that a functional disability is presumed to ultimately result in loss of earning capacity in an amount equal to the percentage of functional disability. It places upon the employer the burden of rebutting the presumption by showing that in fact there is no loss of earning capacity or that the loss is less, percentagewise, than the functional disability. The claimant is put to proof of diminution of earning capacity only if he claims a loss of such capacity greater than the percentage of functional disability.
The effect of such a rule is to say that, unless proof is adduced to the contrary, earning capacity is held to be diminished *620 in direct proportion to general physical functional impairment. This is in direct conflict with the holding in Ball v. Mann, supra, where after explaining the difference between diminution of earning capacity and physical impairment, i.e. functional disability, this Court said, at 75 So.2d 760:
"The difference is important because decreased earning capacity is not necessarily proportional to general physical functional impairment * * *."
We can understand why the full commission would desire the use of the rule promulgated in the Marsiglia case. It makes considerably easier the task of the deputy and the commission in determining loss of earning capacity in non-scheduled injury cases. But it gives the claimant the benefit of a presumption for which there is no authority in the statute or case law of this State and places upon the employer the burden of proving that there is no diminution of earning capacity, or that it is less than the percentage of the functional disability of the claimant.
It is true that to recover for injuries scheduled under § 440.15(3) a claimant is not required to prove that such an injury will result in a loss of earning capacity. In such cases the legislature has determined that the scheduled injuries will conclusively impair the earning capacity of a claimant so injured to the extent for which compensation is provided in the statute. But there is no such presumption known to us which may be employed in aid of one claiming compensation for a non-scheduled permanent partial disability.
The only presumption provided in the Workmen's Compensation Act are found in § 440.26, F.S.A. As indicated in the cases appearing in the annotations to that section, the provisions of the act do not relieve the claimant of the burden of proving that he sustained an injury, and that it arose out of and in the course of his employment. In view of this we can see no logical basis upon which it can be said that a claimant is relieved of the burden of proving that he has suffered disability, i.e. a loss of earning capacity, and the extent thereof, as the result of a non-scheduled injury.
In this case the deputy commissioner in his finding above-quoted did not find that the claimant had in fact suffered a loss of earning capacity. Rather, after finding that the claimant was able to perform the duties of his employment and was earning increased compensation, he then held that the employer had not overcome the presumption of future earning capacity loss, i.e. that diminution of earning capacity is presumed to be equal to functional disability percentagewise, as said presumption was established in the Marsiglia case.
This finding, the conclusion of law following it in the deputy commissioner's order, and the opinion of the district court approving the Marsiglia case are all in conflict with the decision of this Court in Ball v. Mann, supra, and particularly with the portion thereof, above quoted, which stated that decrease in earning capacity is not necessarily equal to functional disability.
The opinion of the district court is in conflict with Ball v. Mann on another vital point.
In that case at 75 So.2d at page 760 we said:
"* * * And no one standard is conclusive in the determination of the degree of incapacity to earn the same wages as prior to an injury. Instead there should be taken into consideration, among other things, such variables as the injured employee's physical condition, age, industrial history, education, and inability to obtain the type of work which he can do insofar as affected by the injury * * *."
In its opinion the district court quoted and adopted the reasoning and conclusion of *621 the dissenting member of the commission in his dissenting opinion in which he agreed with the deputy commissioner that the test to be used in determining loss of earning capacity is "What is the injured employee's ability to compete in the open labor market for the remainder of his life." [108 So.2d 485.] The dissenting commissioner also said "It is my further opinion the test to use is whether the claimant can perform, subsequent to the injury, the work he was engaged in at the time of the injury." This statement likewise was approved by the district court.
The difference in ability of a claimant to compete in the open labor market, before and after a compensable non-scheduled injury, is a proper means of determining the loss of earning capacity only if in applying the test all factors which could bear on the claimant's ability to compete and earn are considered; these factors include the variables mentioned in Ball v. Mann, supra, and evidence of his ability to compete as measured by his earnings at the time the test is applied.
And in determining his ability to compete in the open labor market, this ability is not to be measured in terms of whether he can perform only the same work being performed at the time of the injury but rather by his ability to earn wages in the same or any other type of work of which he is capable and qualified to perform.
This was made quite clear in Ball v. Mann, supra, by the statement of this Court in which, on page 760 of 75 So.2d, the Court in criticising the lack of findings in the order of the deputy said:
"* * * Accordingly he made no findings as to whether by virtue of the injury the claimant suffered any reduced capacity to earn in the same or other employment the wages which the claimant was receiving at the time of the injury * * *." (Emphasis added.)
This statement clearly tracks the definition of disability set forth in § 440.02(9) F.S.A.
We make it clear that we have not based our decision here on the fact that the claimant was shown to be earning more in wages than he was prior to his injury, for such is only one of the factors which must be considered in determining decrease in earning capacity.
Rather, our decision has turned upon the fact that the district court has approved a presumption of loss of earning capacity and approved the application of a test as to earning capacity both of which collide with our decision in Ball v. Mann, supra.
We have reviewed our decision in Ball v. Mann, supra, and have concluded that it rather than the subject decision of the district court states correctly the pertinent principles of law.
Therefore for the reasons above expressed the decision of the district court of appeal is quashed and this cause is remanded for further proceedings consistent herewith.
It is so ordered.
THOMAS, C.J., and ROBERTS, DREW and THORNAL, JJ., concur.

On Petition for Rehearing or Clarification
PER CURIAM.
In his petition for rehearing or clarification, which is hereby denied, the respondent, Jack R. Bell, requests this Court to clarify the last paragraph of our opinion by directing that this cause be remanded to the Deputy Commissioner for a decision and order applying the correct law to the facts, with or without the taking of additional testimony, as the Deputy may so desire.
We anticipate that the District Court of Appeal may in its order of remand well determine that the request of the respondent *622 should be granted and that the cause should be remanded to the Deputy for further proceedings with authority to take additional testimony if deemed necessary, however, it is our view that such order, if entered, would more properly be entered by the district court and that the last paragraph of our opinion is sufficiently broad to allow this to be done.
THOMAS, C.J., ROBERTS, DREW, THORNAL and O'CONNELL, JJ., concur.