TERRELL, Justice.
Petitioner, Gordon L. Nuce, while employed as a signal system maintenance engineer for respondent, Fire Department of the City of Miami Beach, sustained a back injury from an accident arising out of and in the course of his employment.
A claim was filed in which a hearing was ordered by the deputy commissioner who, after taking testimony, found that the petitioner, as a result of the accident had a 20% permanent partial disability of the body. On consideration of petitioner’s disability with his age 35 years, high school education, his experience as a fireman, laborer, an electrician’s helper and signal box repairman, the deputy commissioner found that petitioner had suffered a 20% loss of earning capacity as a result of his accident but that since the employer provided petitioner with a helper when he returned to work who is now doing all of the heavy work and inasmuch as the employer is paying the claimant the same wages he was making at the time of the accident, he found that the claimant shall not be entitled to receive permanent partial compensation as long as there is no change in claimant’s position with the employer to claimant’s detriment. He retained jurisdiction to make such determination and enter such judgment as may be found necessary in the future.
The deputy commissioner ordered respondent (1) to pay all outstanding and unpaid medical bills incurred in the treatment of claimant’s injury as set forth in the fee schedule approved by the Florida Industrial Commission; (2) to furnish claimant such further medical treatment as the nature of claimant’s injury or the process of recovery may require; (3) reimburse claimant for his medical transportation cost at the rate of 7}^ cents per mile; (4) pay Dr. Holmes the cost of his examination and x-rays of the claimant and an expert witness fee of $50; (5) pay claimant’s attorneys the sum of $500, as reasonable fee for the services rendered in this cause; (6) pay the costs of this proceeding.
On appeal to the full- commission, the order of the deputy commissioner was vacated and set aside and the claim was dismissed. We are confronted with review by certiorari from the order of the full commission.
Questions one, two and three as presented by the petition have to do with whether or not there was competent, substantial evidence which accords with reason and logic to support (1) the finding of the deputy commissioner that the claimant had on August 30, 1956, reached maximum medical improvement; (2) the finding of the deputy commissioner that the claimant has suffered a 20% loss of earning capacity; (3) the finding of the deputy commissioner that claimant has 20% permanent partial disability of the body as a result of his accident.
We have read the testimony and while it is not free of conflicts, we find ample competent evidence that accords with logic and' reason to support the finding and order of the deputy commissioner. True, there are aspects of the testimony which require weighing and evaluation but that is the duty of the deputy commissioner and we find no reason to hold that he committed error. We think the full commission undertook to evaluate the testimony and in doing so fell into error when it vacated and set aside the order of the deputy commissioner.
Petitioner states question four as follows:
“Whether or not an employee having a 20% permanent partial disability of the body as the result of a compensable accidental back injury which causes said employee a 20% loss of body func *305 tion and 20% loss of earning capacity, is to be denied workmen’s compensation for said permanent disability because the employer, upon injured employee returning to work as a signal maintenance engineer, furnished the employee a helper to do all the heavy work formerly required of him before his injury and paid said injured employee for such limited services his former wages.”
In treating this question, the deputy commissioner found:
“ * * * that the claimant has suffered a 20% loss in earning capacity as the result of the accident involved herein, however since the employer provided claimant with a helper when he returned to work who is now doing all of the heavy work and inasmuch as the employer is paying the claimant the same wages he was making at the time of the accident, I find that the claimant shall not now be entitled to receive permanent partial compensation as long as there is no change in claimant’s position with the employer to claimant’s detriment.”
In so holding, the deputy commissioner appears to have overlooked the applicable statute, § 440.15(3) (u), Florida Statutes, F.S.A., which he should have been governed by and is as follows:
“(3) Permanent partial disability.— In case of disability partial in character but permanent in quality the compensation shall, in addition to that provided by subsection (2) of this section, be sixty per cent of the average weekly wages, and shall be paid to the employee as follows:
******
“(u) Other cases: In all other cases in this class of disability the compensation shall be sixty per cent of the injured employee’s average weekly wage for such number of weeks as the injured employee’s percentage of disability is of three hundred fifty weeks.”
Petitioner was afflicted with a nonscheduled injury covered by the category designated as “Other cases,” division “(u)” of the above quoted statute. The deputy commissioner should have found from the evidence the employee’s permanent partial disability resulting from his accident which caused said employee’s loss of body function and loss of earning capacity, such loss or losses should then be measured by the quoted statute.
The best authority holds that physical condition and no more does not determine the degree of one’s disability but that in addition there must be taken into account the injured person’s age, his industrial history, his mentality, his education and the availability of the kind of work he can do. The fact that an employee earned the same or more after sustaining an injury is by no means conclusive of his incapacity to perform labor warranting payment of compensation; it is only evidence to be considered with other evidence supporting such a claim. See variables approved in Ball v. Mann, Fla. 1954, 75 So.2d 758, and Southern Bell Telephone & Telegraph Co. v. Bell, Fla.1959, 116 So.2d 617.
The point in a case like this is whether one’s disability caused by the industrial accident is a handicap to his securing employment in a competitive labor market for one so affected who belongs to his profession, occupation, business or trade. The fact that one’s employer is willing to forbear, give easier employment, furnish one a helper or favor him in other ways is not the point. Such factors may be ground to prompt equitable considerations, but they do not control the factors which warrant the fixing of wage earning capacity.
The case of Russell v. Southeastern Utilities Service Co., 1957, 230 Miss. 272, 92 So.2d 544, is an enlightening case on wage earning capacity. In this case we are told that “loss in wage earning capacity is calculated by comparing actual earnings before injury with earning capacity after in *306 jury, and the two items are not the same.” This case also points out that to determine earning capacity after injury, “The trier of fact, the Commission, must make the best possible estimate of future impairment of earnings, on the strength of both actual post-injury earnings and any other evidence of probative value on the issue of earning capacity. This is essentially a question of fact for the Commission.” The cases generally hold that the fact that an employee earns wages after his injury equal to wages earned by him prior to his injury will not alone defeat his claim for compensation. Each case must be governed by the peculiar factors which control it.
The deputy commissioner, says this court, has no authority to hold a case like this open to modify his judgment or to enter a different judgment in the future as the circumstances may seem proper. If there be future claims, they must stand on the law and the facts as then shown to be pertinent or applicable.
In the case at bar the deputy commissioner should have determined the degree of petitioner’s disability by considering the amount or degree of his injury in the light of the other factors detailed in this opinion and in the light of what we have said herein. The compensation for it should have then been measured by the quoted statute.
It is accordingly our view the full commission committed error in vacating and setting aside the order of the deputy commissioner and dismissing the claim. Cer-tiorari is granted, the order of the full commission is quashed and the order of the deputy commissioner is reinstated with directions to the deputy commissioner to proceed to determine the correct amount of each and every award made by him as directed in this opinion.
It is so ordered.
ROBERTS, C. J., and THOMAS, THORNAL and O’CONNELL, JJ., concur..