ON REHEARING
TERRELL, Justice.
December 10, 1957, claimant sustained an injury to his neck and right shoulder *136 area in the course of his employment as the result of an accident for which he was furnished remedial treatment and paid compensation for a 10% permanent partial disability of the body as a whole based upon functional rating by the doctor. Subsequent to the accident of December 10, 1957, claimant suffered a series of “incidents” as follows:
“On or about February 25, 1958, he wrenched his right arm and shoulder when a hangar door stopped suddenly. He was treated for this injury.
“On or about March 13, 1958, a friend grabbed the claimant, and the claimant in trying to get loose, suffered an «exacerbation to the right shoulder and neck.
“On June 17, 1958, as a result of complaints by the claimant of stomach distress, he underwent surgery and his gall bladder, along with his appendix, was removed.
“On September 2, 1958, while in the course of his employment, he slipped on an oil slick and received a hernia which was surgically repaired in October 1958.
“Following what was apparently a successful recovery from this surgical procedure, the claimant, on November 7, 1958, while the employees of Eastern Air Lines were on strike, approached the premises of the employer on personal business and was blackjacked by some of the striking employees picketing the employer. This incident caused the claimant to receive treatment for neck complaints, although the evidence indicates that prior to this time his neck had improved so that it offered him little trouble.
"On July 7, 1960, as a result of complaints around the neck, he was hospitalized and put in traction. At this time it was discovered that the claimant also had a duodenal ulcer. The duodenal ulcer, incidentally, was not present when x-rayed in 1958, so, apparently, same was of recent origin.”
As a result of these “incidents,” petitioner filed claim for additional workmen’s compensation which, upon consideration by the deputy commissioner, it was ordered that payment of a 25'% permanent partial disability of the body as a whole based upon claimant’s diminution of earning capacity be made to him. He further ordered that the employer, through its carrier, be required to reimburse the claimant for remedial expenses in connection with the treatment of a duodenal ulcer condition and it was ordered that the employer and carrier be required to furnish claimant with remedial treatment as the nature of the injury and process of recovery might require. From the latter order the employer and carrier appealed to the full commission. The full commission reversed the order of the deputy commissioner on the grounds that there was no competent substantial evidence to support the deputy’s finding that claimant suffers from a 25% diminution of his wage earning capacity and that the claimant’s ulcer condition was causally related to his employment. The full commission was of the further opinion that the deputy commissioner’s finding that the claimant’s ulcer was causally related to his employment was based on pure speculation and conjecture without foundation in fact and that the deputy commissioner based his findings upon “incidents” in which the claimant was involved but which were not necessarily compensable.
Commissioner Walter L. Lightsey dissented from the order of Commissioners A. Worley Brown and Sterling Turner, contending that the order of the deputy commissioner should be affirmed.
In his dissent Commissioner Lightsey at the outset calls attention to the following from the deputy commissioner’s order:
“ ‘The undersigned deputy commissioner does not set forth a résumé of the testimony of each witness, as all the testimony, other evidence, exhibits, *137 and stipulations of counsel, as well as the demeanor and candor of the witnesses, have been weighed and considered, and any conflicts therein having been resolved, it is found as follows: * * *.’ (Emphasis supplied.)”
Commissioner Lightsey then said in his dissent:
“It appears that the employer and carrier are contending that claimant’s duodenal ulcer did not have its origin in any of the accidents befalling the claimant. However, there is evidence upon which the deputy could have relied, and upon which the deputy apparently relied, to the effect that these ‘incidents’ (and the deputy undoubtedly means these compensable incidents) precipitated the duodenal ulcer; thus, the finding in this respect is not based upon speculation but upon testimony of a medical witness, to wit, Dr. Luke Rader, and upon the lay testimony of the claimant. He so specifically finds in paragraph 9 of his Order.
“With respect to the deputy’s conclusion that claimant has sustained a diminution of earning capacity, he enumerates the specific variables found and enunciated by the Supreme Court in Ball v. Mann, Fla.1954, 75 So.2d 758. Perhaps, however, the most significant factor in the deputy’s awarding the claimant compensation for a 25 per cent diminution of earning capacity is the finding that claimant, because of his disabilities resulting from the various incidents occurring to him, is unable to compete in the open labor market. The fact that he may presently be employed, earning the same or greater wages, is not significant in view of the finding of the deputy that claimant will be unable to compete with other men of his age and experience who do not have the disability that claimant has. This finding, with respect to claimant’s diminution of earning capacity, is proper and follows the test as set forth by the Supreme Court in the recent case of Nuce v. City of Miami Beach, Fla.1962, 140 So.2d 303. In the Nuce case the Supreme Court stated the following:
“ ‘The best authority holds that physical condition and no more does not determine the degree of one’s disability but that in addition there must be taken into account the injured person’s age, his industrial history, his mentality, his education and the availability of the kind of work he can do. The fact that an employee earned the same or more after sustaining an injury is by no means conclusive of his incapacity to perform labor warranting payment of compensation; it is only evidence to be considered with other evidence supporting such a claim. See variables approved in Ball v. Mann, Fla. 1954, 75 So.2d 758, and Southern Bell Telephone & Telegraph Co. v. Bell, Fla.1959, 116 So.2d 617.
“ ‘The point in a case like this is whether one’s disability caused by the industrial accident is a handicap to his securing employment in a competitive labor market for one so affected who belongs to his profession, occupation, business or trade. The fact that one’s employer is willing to forbear, give easier employment, furnish one a helper or favor him in other ways is not the point. Such factors may he ground to prompt equitable considerations, but they do not control the factors which warrant the fixing of wage earning capacity.’ (Emphasis mine.)
“I further refer to a more recent case than the Nuce case, that is, the case of Fort v. Hood’s Dairy, Inc., Opinion filed June 27, 1962, Case No. 31,600 (not reported yet) [Fla., 143 So. 2d 13]. In the Fort case, as in the instant cause, the claimant returned to work for the same employer, earning the same and, subsequently greater *138 wages; but the deputy commissioner found that notwithstanding this fact claimant was entitled to compensation for permanent partial disability because of his diminution of earning capacity.
“The deputy commissioner, as the trier of the fact and the officer who must reconcile conflicts in the evidence and make appropriate conclusions from the evidence, should be sustained as his Order is supported by competent substantial evidence; and the Commission, as the reviewing authority, should not substitute its judgment for that of the deputy in such a case as we have here.”
It may be true that the deputy commissioner’s order is in some respects based on deductions from the testimony, but it is also true that the evidence of Dr. Rader and the claimant supports the duodenal ulcer contention and the award of 25'% diminution of earning capacity is based on disabilities resulting from the various incidents or accidents he had, making him unable to compete in the labor market. The fact that he may be earning the same or greater wages at the present does not overcome this.
In this it is shown that the deputy commissioner took into account the variables detailed in Ball v. Mann, Fla.1954, 75 So.2d 758. This reasoning of the deputy commissioner and commissioner Lightsey is in harmony with the test defined in Nuce v. City of Miami Beach, Fla.1962, 140 So.2d 303, and Fort v. Hood’s Dairy, Inc., Fla. 1962, 143 So.2d 13. In these cases the claimant returned to work for the same employer earning the same and later larger wages, but the deputy commissioner found that despite this the claimant was entitled to compensation for permanent partial disability because of his diminution of earning capacity.
We have read the evidence and in our view it was such that the deputy commissioner was justified in making reasonable deductions from it. His deductions were reasonable and the tests he applied were supported by the cases cited. The deputy commissioner heard the witnesses testify and was in much better position to make reasonable deductions from what they said than we are or was the full commission. The very nature of the testimony in this case is such that the deputy commissioner was required to base his judgment on reasonable deductions of inferences from the testimony. Then he was required to determine from the .circumstances whether or not the rule of variables as announced in Ball v. Mann, Nuce v. City of Miami Beach and Fort v. Hood’s Dairy, supra, was properly applied. In this he was required to resolve all doubts in favor of the claimant.
For the reasons above stated, certiorari is granted and the order of the full commission quashed.
It is so ordered.
ROBERTS, C. J., and DREW and THORNAL, JJ., concur.
THOMAS, O’CONNELL and CALDWELL, JJ., dissent.