DREW, Justice.
The claimant in this workmen’s compensation case received an injury arising out of the course of his employment when he fell from a roof. He suffered a concussion and injuries to his back, ribs and left shoulder, for which he was paid total compensation for a specified period and was then determined to have sustained a 25% permanent partial disability. Subsequently a claim was filed for additional benefits alleging that claimant was permanently and totally disabled and it is this latter claim and the manner of its disposition by the deputy commissioner and full commission which constitutes the basis for these proceedings.
Five doctors testified before the deputy commissioner. Three of the doctors testified that for all practical purposes, claimant was totally disabled.[1] One of the carrier’s doctors testified that claimant had developed *9 an anxiety reaction but that he could not see how such disability would be related to the injury.[2]
The record before us, consisting of approximately 130 pages (exclusive of reports of physicians and other exhibits), establishes that claimant visited Dr. Gilbert’s office for treatment approximately 85 times, illustrating generally the extensive treatment for the admittedly compensable injuries.
Apparently disregarding the extensive record, the involved medical questions presented and the almost unanimity of the doctor’s opinions as to the extent of this claimant’s disability, the deputy commissioner, completely ignoring the requirements of this Court with respect to his duties to make adequate findings essential to an intelligent review of his decision,[3] entered a compensation order [4] of less than one page consisting primarily of his philosophical reactions to ■claimant’s condition induced to a large extent, as we gather from the record, by the fact that claimant was then receiving social security which at least in theory claimant had paid for.
The provisions of the workmen’s compensation act apply equally to all employees whether they be rich or poor and regardless of the extent of income from other sources. If, in fact, this claimant’s alleged condition is the result of his lack of desire to obtain work because of adequacy of other income, that conclusion should be supported by adequate evidence and sufficient findings in the record to sustain it and, in this case particularly, the reasons for such conclusion in the face of the medical testimony.
The order of the full commission is quashed. This cause is remanded with directions to quash the deputy’s order and to remand the cause to him for the purpose of entering an appropriate order containing *10 sufficient findings not only as to the nature and extent of claimant’s disability but also the effect of such disability on his earning capacity.[5]
It is so ordered.
ROBERTS, C. J., and THOMAS, THORNAL and HOBSON (retired), JJ., concur.

. Claimant’s doctors were Dr. Haverfield and Dr. Coleman. Dr. Haverfield’s conclusions as to the claimant’s disability were as follows: “ * * * from the standpoint of employment, I do not feel that his psychological orientation is such that he is employable at this time and probably never will be.” Dr. Coleman’s conclusion was “ * * * because of this individual’s personality situation and his psychoneurosis, that it will be a long time before he will be able to be employable, if ever.” Carrier’s doctors were Drs. Gilbert, Reichenberg and Reinmuth. Dr. Gilbert’s view was summarized as follows:
*9 The claimant “lias developed an anxiety reaction, presumably related to his injury. He has been started on therapy for this condition, and the prognosis is considered fairly good.” Dr. Reichenberg examined the claimant for psychological evaluation and his report seems to be mostly advisory to Dr. Reinmuth who concluded “For all practical purposes this patient is totally disabled as the result of some of his basic attitudes toward life and his role in life and I do not see how these can be related to the injury he received.”

. Id. Footnote 1.

. Hardy v. City of Tarpon Springs, Fla.1955, 81 So.2d 503.

. “After due notice to the partios a hearing on the above entitled claim was held before the undersigned Deputy Commissioner at Miami, Florida on May 29, 1981.
“(1) The following facts are uncontro-verted
“(a) The claimant received an injury by accident arising out of and in the course of his employment on July 21, 1958 when he fell from a roof, suffering a concussion and injuries to back, ribs and left shoulder.
“(b) That at the time claimant was so injured his average weekly wage was $70.00.
“ (c) Temporary total compensation was paid to September 1, 1959 and thereafter for 25 per cent permanent partial disability.
“(2) Claimant contends (a) that he is entitled to benefits for permanent total disability or (b) that he is entitled to benefits in excess of those heretofore provided by the carrier.
“(3) Upon consideration of all the evidence, I find:
“(a) That there is little or no organic, physical or functional basis to explain claimant’s failure to return to work.
“(b) That the motivation to return to-work has succumbed to the motivation of economic exploitation of the accident. Time-wise, the occurrence of the accident ante-dated the latter motivation. There are philosophical essays, and perhaps some decisions, to the effect that such chronology constitutes ‘causation’ with resultant compensability. It is this deputy’s opinion that Florida is not in accord with this concept.
“(c) That the claimant has failed to-prove disability in excess of 25 per cent permanent partial disability heretofore paid by the carrier.
“WHEREFORE, it is the order of the-undersigned Deputy Commissioner that the claim for further benefits be and the-same is hereby denied.”

. Ball v. Mann, Fla.1954, 75 So.2d 758; Southern Bell Telephone & Telegraph Co. v. Bell, Fla.1959, 116 So.2d 617.