ERVIN, Justice.
We here review on certiorari the petition of the claimant, Wendell Pryor, to an order of the Florida Industrial Commission reversing and remanding an award of workmen’s compensation made by the Deputy Commissioner to the claimant for permanent partial disability.
The claimant was employed by the respondent, Suncoast Medical Clinic, as a general maintenance man and custodian. On August 23, 1961, claimant, a 47-year-old man, suffered a compensable injury to his back while moving a desk in the performance of his duties. As a result of the injury, he suffered a ruptured intervertebral disc. Following medical treatment, surgery was performed for the removal of the herniated disc. The claimant was temporarily totally disabled from the date of his injury until January 3, 1962, at which time he reached maximum recovery. Thereafter, the respondent commenced paying claimant compensation for a residual 25 per cent permanent partial disability of the body as a whole.
Subsequently, the claimant filed a claim for permanent total disability. The Deputy *746 Commissioner held a hearing on the claim. Medical depositions were completed and the Deputy Commissioner, by an order dated January 21,1963, found, inter alia: That the claimant had a 60 per cent permanent partial disability of the body as a whole; that his average weekly wage at the time of his injury was $113.46, and that he was entitled to the maximum compensation rate of $42.00 per week.
On review, the Full Commission found that the Deputy Commissioner improperly determined the claimant’s average weekly wage because he erroneously failed to deduct a fair value of the services of the claimant’s two stepsons. The claimant’s two stepsons assisted him in his work on a part-time basis on nights and certain weekends. The Full Commission remanded the cause to Deputy and directed him to redetermine the claimant’s average weekly wage by deducting the value of his stepsons’ services. In addition, the Commission ordered: “On remand the Deputy should also consider his conclusion that claimant has a 60 per cent residual permanent partial disability of the body as a whole and make adequate findings of fact that support his conclusions in this respect.” As to this latter directive, the Commission did not discuss in its order any of the evidence and findings set forth in the Deputy’s order or find that the Deputy’s determination of 60 per cent permanent partial disability was not supported by competent substantial evidence.
Petitioner contends that the Deputy Commissioner’s findings of 60 per cent permanent partial disability is supported by competent substantial evidence which accords with logic and reason. In addition, petitioner contends that the value of his stepsons’ services should not be deducted from claimant’s gross weekly wage in arriving at his average weekly wage.
We agree with petitioner’s first contention that the Deputy’s finding of 60 per cent permanent partial disability is amply supported by competent substantial evidence. As reflected by the Deputy’s order and the record, all of the medical experts agreed that claimant had a functional, permanent partial disability of IS per cent of the body as a whole.
The claimant attempted on occasions to perform work after his injury. He was unable to perform a normal day’s work even though the work was light and did not require bending or heavy lifting. The medical experts testified that claimant should not do any bending or heavy lifting.
Mrs. Anna Tucker, an employment expert who was qualified as having the necessary experience and knowledge of the employment market of claimant’s area to express opinions relative to the employment possibilities of the claimant, testified to the effect that there was no employment possibility for the claimant in that immediate area which, in her opinion, the claimant could perform and which would pay him in excess of $45.00 per week. The respondent employer’s business manager testified that respondent would re-hire the claimant but was unwilling to pay the claimant a salary of $50.00 per week unless he could perform all of the duties performed by him prior to the accident and injury. This evidence and testimony was expressly considered by the Deputy in finding claimant 60 per cent permanently partially disabled. The Deputy considered such factors as the claimant’s age, race, education and employment history, his ability to compete in the open labor market and his ability to again earn the wages which he was receiving at the time of the injury, in arriving at claimant’s disability.
None of the material evidence appears to be in dispute and we believe that there is sufficient competent substantial evidence to support the Deputy’s finding of 60 per cent permanent partial disability. It further appears that the Deputy’s order meets the requirements of Ball v. Mann, Fla., 75 So.2d 760, and Hardy v. City of Tarpon Springs, Fla., 81 So.2d 503, and we can see no useful purpose in having this case remanded to the Deputy on the question of disability.
*747 The claimant’s contention that the value of his stepsons services should not be deducted from his gross weekly wage in arriving at his average weekly wage appears well taken.
At the time of his injury, the claimant was receiving a weekly salary of $138.46 from which he paid a full-time unrelated assistant the sum of $25.00 per week. The Deputy deducted this assistant’s salary in arriving at claimant’s average weekly wage of $113.46. In regard to the services rendered by claimant’s two stepsons, ages 16 and 18, the deputy specifically found that these services were not rendered “on an employer-employee relationship, but were instead that of father and son and family and should place no consideration in the reduction of the claimant’s average weekly wage.” We agree with the deputy’s conclusion and finding which are amply supported by the record.
The claimant had been an employee of the respondent-employer for a number of years. Prior to the claimant’s earning said amount of $138.46 per week, he was paid $75.00 per week for a forty-hour week. In addition, claimant was paid $1.35 per hour for working overtime on nights and weekends. Under this arrangement, the claimant’s average salary was about $150.00 per week from January 1, 1961 to February 10, 1961. At the beginning of February, 1961 the employer told the claimant that because maintenance costs were excessive the claimant was to receive a flat annual sum of about $7200.00, payable weekly at $138.46. The claimant was told that he was to continue performing all of the services and he would be responsible for paying for any help that he required.
Prior to the latter arrangement, it is clear that the claimant did in fact earn $75.00 for a forty-hour week, without assistants. This fact also demonstrates that the claimant’s earning capacity prior to his injury is commensurate with the deputy’s findings, not only in regard to claimant’s disability but as to his average weekly wage.
For the foregoing reasons, the claimant’s petition for certiorari is granted and the order of the Full Commission is quashed with directions that the deputy’s order be reinstated.
DREW, C. J., and ROBERTS and THORNAL, JJ., concurring.
CALDWELL, J., dissents.