ERVIN, Justice.
Petitioner-claimant, Ernest W. Kurtz, while employed by Respondent Bradley B. Wall, sustained an injury from an accident arising out of and in the course pf his employment. The injury occurred in November, 1956 while claimant was erecting trusses. He sustained a severe blow to his *619 bead. The blow snapped his head back and injured his cervical spine.
At the time of the accident, claimant performed construction work in a supervisory-capacity and his average weekly wage was $120 based on an hourly rate of approximately $3. In addition 'to his supervisory duties, claimant, up until the time of the accident, actually performed and participated in many phases of construction such as ditch digging, landscaping, cement finishing, carpentry and other similar labor type services. After the accident, claimant was able to continue in his employment but only in a supervisory capacity. As a result of the accident he could no longer undertake any heavy type labor work which he had been able to perform prior to the accident.
Claimant continued to work for the respondent-employer off and on from the date of the accident, receiving medical treatment for the injury supplied by his employer, until the early part of 1962 when he suffered a heart attack — unrelated to the accident and his employment — which rendered claimant totally disabled. There were times during this off and on period when claimant was self-employed in construction work; however, he was never able to engage in any heavy or strenuous physical activity similarly as he could prior to the accident. The claim for disability is wholly without reference to or consideration of claimant’s heart attack, but only relates to his neck and spine injury. Neither the Deputy nor the Commission considered it material in deciding the issues involved in the claim.
Claim for compensation was filed on October 21, 1963, for the 1956 injury. Both the Deputy and the Commission held the claim was not barred by the statute of limitations. F.S. Section 440.19(1) (a), F.S.A. The point is not raised in this appeal.
At the time the claimant left his employment due to his heart .attack, he was making $4.50 an hour which was more than he was making at -the time of the accident.' However, the Deputy found that:
“ * * * the claimant’s wages maintained a constant relation to the wages of members of the Building and Trade Union. That the claimant’s increase in wages wás due solely to the fact that the Union had obtained raises over the years.”
This finding is supported by the evidence and stands undisputed.
Mainly on the foregoing facts, the Deputy found claimant to have a ten per cent permanent partial disability as a result of the accident and entered an award accordingly. The deputy considered the variables and factors required by Ball v. Mann, 75 So.2d 758 (Fla.1954), and Southern Bell Telephone & Telegraph Co. v. Bell, 116 So. 2d 617 (Fla.1959), including the fact that claimant was 55 years of age with an eighth grade education, his ability to compete in the open labor market, and his industrial history, which show that for the most part of his adult life has performed laboring type work in the construction field.
The Full Commission reversed the Deputy and dismissed the claim solely on the ground that claimant earned more wages following his injury than he was earning at the time of his injury. The Commission based its decision on Dade County Board of Public Instruction v. Pazienza, 137 So. 2d 569 (Fla.1962). We find the Full Commission misconstrued our decision in Paz-ienza and overlooked other decisions of this Court which control the specific issue in this case.
The Commission, in effect, construed our holding in Pazienza to mean that if a claimant’s wages are the same or are greater then they were prior to an injury he is conclusively presumed not to have suffered any impairment to his wage earning capacity. The facts in Pazienza clearly established that claimant had the capacity to earn the same or greater wages following his injury than he earned prior to his in *620 jury and that jobs were available for claimant to earn such wages. The Deputy’s findings in that case, to which he applied an erroneous conclusion, clearly established the foregoing facts. There was no finding by the Deputy in Pazienza that the claimant was unable to perform the employment available.
In the instant case the Deputy specifically found that claimant’s injury rendered him unable to perform the same type labor that he had performed prior to his injury and during most of his adult life. The Deputy’s findings and the record show that claimant’s ability to compete in the open labor market is impaired. Available work which claimant can perform is very limited. He can no longer perform work requiring heavy lifting or strenuous activity due to his injury. The work claimant continued to perform for the employer after the injury was not the same he had performed before.
We have held on several occasions that earning the same or greater wages subsequent to an injury is only one factor to be considered with others in determining loss of wage earning capacity. See Ball v. Mann, 75 So.2d 758 (Fla.1954); Southern Bell Telephone & Telegraph Co. v. Bell, 116 So.2d 617 (Fla.1959); Southern Bell Telephone & Telegraph Co. v. Bell, 167 So.2d 844 (Fla.1964); Nuce v. City of Miami Beach, 140 So.2d 303 (Fla.1962); Fort v. Hood's Dairy, Inc., 143 So.2d 13 (Fla.1962); Hughes v. Eastern Airlines, Inc., 155 So.2d 135 (Fla.1962); Cianci v. Florida State Beverage Department, 157 So.2d 78 (Fla.1963).
For example, in Nuce v. City of Miami Beach, supra, it is stated:
“[4] The point in a case like this is whether one’s disability caused by the industrial accident is a handicap to his securing employment in a competitive labor market for one so affected who belongs to his profession, occupation, business or trade. The fact that one’s employer is willing to forbear, give easier employment, furnish one a helper or favor him in other ways is not the point. Such factors may be ground to prompt equitable considerations, but they do not control the factors which warrant the fixing of wage earning capacity.”
if: sjs * * * *
“ * * * The cases generally hold that the fact that an employee earns wages after his injury equal to wages earned by him prior to his injury will not alone defeat his claim for compensation. Each case must be governed by the peculiar factors which control it.”
It is evident that claimant’s disability caused by the accident restricted his ability to perform the kind of labor that he had performed prior to the accident and thus compete in such work in the open labor market. The record and the Deputy’s findings show that claimant’s injury required that he perform work in some form of sheltered employment not requiring lifting, bending or other strenuous activity.
The Deputy’s findings and conclusions are supported by competent, substantial evidence. The Deputy’s order clearly shows that he considered all the necessary factors in arriving at claimant’s percentage of disability, particularly the factor of claimant’s differentiation of wages before and after the injury.
The petition for certiorari is granted and the order of the Full Commission is quashed with directions that the Deputy’s order be reinstated.
THORNAL, C. J., and ROBERTS and HOBSON (Ret.), JJ., concur.
THOMAS, O’CONNELL and CALDWELL, JJ., dissent.