PER CURIAM.
We are asked to review a compensation order of the Florida Industrial Commission which, for the second time in this cause, reversed an order of a Deputy Commissioner awarding permanent partial disability benefits to petitioner, James E. Conrad, and remanded the cause to the deputy for further proceedings.
The Full Commission reversed the deputy on the ground that the deputy’s Order did not contain sufficient findings of fact to support the award and that the deputy did not resolve all the controverted issues before him. The Commission cited Hardy v. City of Tarpon Springs, 81 So.2d 503 (Fla. 1955) and Ball v. Mann, 75 So.2d 758 (Fla. 1954) in support of its decision.
Although the deputy’s order may fall short of being a model compensation order, nevertheless, it appears that the deputy made adequate findings based upon the record before him and adequately resolved the meritorious issues and defenses presented.
It appears that respondents’ primary contention, which the full commission apparently entertains, is that an apportionment is required. The record does not reveal anything to justify consideration of this issue. It was not clearly established that claimant’s injuries in October, 1957 and September 1959, which are the basis of the claim, were preceded or followed by another non-compensable injury or disease. Respondents had ample opportunity to explore and factually establish the basis for this contention when questioning the treating physician, who was the only medical expert to testify at the hearing.
The first order of the deputy, entered on June 13, 1961, wherein he found claimant temporarily totally disabled as a result of the compensable injuries, was not appealed. Respondents should have appealed this order if they felt that apportionment was required.
This case has been prolonged through a number of hearings and appeals for approximately five years, and we believe that the record as it exists presently *618 supports the deputy’s findings and conclusions rendering remanding of this cause unnecessary.
The petition for certiorari is granted and the order of the Full Commission is quashed with directions that the order of the Deputy Commissioner be reinstated.
It is so ordered.
THORNAL, C. J., and THOMAS, DREW and ERVIN, JJ., concur.
ROBERTS, O’CONNELL and CALDWELL, JJ., dissent.