ERVIN, Chief Justice.
This case brings for review a petition of employer-carrier Eden Roc Hotel and Employers’ Service Corp., and cross-petition of Claimant to review order of the full Commission reversing an order of the Judge of Industrial Claims.
The Judge of Industrial Claims found Claimant was injured April 1, 1967, in her employment as a waitress of the Eden Roc Hotel when she slipped and fell, suffering a lumbrosal sprain, contusions of the right elbow and of the lower part of both legs. She reached maximum medical improvement July 3, 1967, and was not able to return to work before that date. The Judge of Industrial Claims found claimant was paid compensation for temporary total disability through May S, 1967, and is entitled to similar compensation for an additional period from May 6, 1967, through July 3, 1967, at $42 per week.
The Judge of Industrial Claims found Claimant has pains in her back and neck; —cannot stretch her arms or lift them over her head without severe pain; and has difficulty sitting or standing for prolonged periods and in turning her head. She also has a minimal depressive reaction because of her injury. He found she has suffered a 15% permanent physical impairment of the body as a whole.
He also found Claimant is 29 years old, was graduated from high school, has only worked as a waitress and in such employment with employer was engaged in carrying very heavy trays. He said, “she could not return to such type of waitress work. *753 She tried * * * but was barely able to complete the day because of severe pain she experienced. She could do lighter waitress work that does not require heavy lifting or much stretching, under conditions that permit her to rest frequently, or she could perform sedentary jobs of various kinds. Considering her age, education, work history, physical condition and the job opportunities available to her, it is found that she has sustained a 20% permanent diminution of her wage earning capacity, and she is entitled to compensation for her permanent partial disability for 70 weeks at the rate of $42 per week, starting as of July 7, 1967 * * *. The employer was aware that the Claimant needed treatment and failed to provide it. The Claimant is entitled to have Dr. Jack Cantor paid for his services rendered in connection with her injury * * * ” The Judge of Industrial Claims allowed $1000 for Claimant’s attorney.
The Commission agreed with the Judge of Industrial Claims as to Claimant’s maximum medical improvement on July 3, 1967, and that she suffered a 15% permanent physical impairment and as to the allowance for additional temporary total disability. However, the Commission found there was not sufficient competent substantial evidence to support the Judge of Industrial Claims’ finding that Claimant suffered a 20% diminution of wage earning capacity. It said, “The record does not reveal any evidence concerning job opportunities available to the claimant. The mere recitation of factors * * * of Ball v. Mann (Fla.) 75 So.2d 758, does not constitute a basis to make an award for diminution of wage earning capacity.”
The Commission also found there was no refusal of medical attention by employer and there was no justification for Claimant seeking medical care from Dr. Cantor. It said it appears Claimant merely wanted a change of doctors because she was dissatisfied with treatment being afforded her by the employer’s doctor. It remanded these issues for a further evidentiary determination by the Judge of Industrial Claims. It also remanded the $1000 attorney’s fee for redetermination.
The Petitioners (employer-carrier) here challenge the allowance of additional benefits, (May 6, 1967 through July 3, 1967) for temporary total disability, claiming the doctors who testified concerning same were not Claimant’s treating physicians.
Petitioners contend the Judge of Industrial Claims improperly allowed recall testimony of Dr. Jack Cantor after Claimant had rested her case, during the middle of employer-carrier’s defense testimony against the claim.
Petitioners claim the Judge of Industrial Claims improperly allowed Dr. Donald Nixon, a psychiatrist, to testify after Claimant had rested her case.
Petitioners contend it is error for the Commission to remand to the Judge of Industrial Claims the question of whether .Claimant was entitled to Dr. Cantor’s services after its determination there was no justification for his services.
The cross-petitioner, Claimant, seeks review of that portion of the Commission’s order relating to Claimant’s diminution of earning capacity, payment of Dr. Cantor’s medical bill, and fee for claimant’s attorney.
We sustain the cross-petition of Claimant. The Judge of Industrial Claims, as the trier of the facts, found Claimant “could do lighter waitress work that does not require heavy lifting or much stretching, under conditions that permit her to rest frequently, or she could perform sedentary jobs of various kinds.” This finding is based upon the testimony of Drs. Gordon, Cantor and Nixon, and of the Claimant herself.
In this case, no expert witness as to the labor market could have done much better in evaluating what Claimant could earn than the Judge of Industrial Claims, based on the testimony before him. The 20% *754 diminution of wage earning capacity found by the Judge of Industrial Claims is an estimate that Claimant, under her limited physical ability, could earn approximately $58 per week, since she had earned $72.50 per week prior to her injury. We do not find that there was a mere recitation of the factors set out in Ball v. Mann (Fla.) 75 So.2d 758. Instead, there was evidence of the Claimant’s physical limitations arising from the injury and the trier of facts was able to transmute such evidence in terms of diminution of wage earning capacity based on his common knowledge of the community labor market. See Nuce v. City of Miami Beach (Fla.) 140 So.2d 303, and Port Everglades Terminal Co. v. Canty (Fla.) 120 So.2d 596.
In reference to the petition of employer-carrier, there was a dispute in the testimony concerning whether Claimant gave due notice to her employer that she wanted another doctor, namely, Dr. Cantor. However, the Judge of Industrial Claims found that she gave her employer appropriate notice through one of the employer’s supervising employees.
We find no error in the allowance of additional benefit for temporary total disability (May 6, 1967, through July 3, 1967), because the doctors who testified concerning the same were not Claimant’s treating physicians. There is testimony in the record which the Judge of Industrial Claims accepted as true that it was necessary for Claimant to receive treatment from Dr. Cantor, an M.D., and Dr. Donald H. Nixon, the psychiatrist, in addition to the physicians provided by the employer.
We have carefully considered the claim of harmful error to employer-carrier due to the Judge of Industrial Claims having allowed recall testimony of Dr. Cantor and in allowing Dr. Nixon, the psychiatrist to testify, after Claimant had rested her case. The Commission in its order makes no point concerning these features. Nor from our inspection of the record of testimony do we find the employer-carrier was prejudiced in the administrative hearings by the Judge of Industrial Claims in exercising his discretion to permit said testimony to be given after Claimant had rested her case.
The petition is denied and the cross-petition granted with instructions that the order of the Judge of Industrial Claims be reinstated.
DREW and THORNAL, JJ., and TAYLOR, Circuit Judge, concur.
CALDWELL (Retired), J., dissents.