278 So.2d 620 (1973)
Sam WOODARD, Petitioner,
v.
DADE COUNTY BOARD OF PUBLIC INSTRUCTION et al., Respondents.
No. 42900.
Supreme Court of Florida.
May 30, 1973.
J.H. Kaiser and Arnaldo Velez, Hialeah, for petitioner.
Joseph V. Niemoeller of Knight, Peters, Hoeveler, Pickle, Niemoeller & Flynn, Miami, and Kenneth H. Hart, Jr., Tallahassee, Florida Industrial Relations Commission, for respondents.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to the Florida Industrial Relations Commission.
The claimant, petitioner herein, is a sixty-four-year old widower with an eleventh grade education. During the ten years prior to his accident, he was employed as a repairman of general machinery by the employer, respondent herein. Previous to this employment, the claimant was engaged in automotive repairs for a period of approximately twenty years. His duties with the employer included repairs of general shop machinery, lifting, replacing, relocating, and doing whatever else was necessary, or proper, relating to the servicing of machinery.
On October 1, 1969, the claimant suffered an injury to his body when he slipped on some gasoline, on schoolgrounds, fell backwards and injured his back, neck, and head (concussion).
*621 Since the occurrence of this accident, the claimant has suffered from severe headaches and constant dizziness. The claimant is unable to move about without holding onto something. Accordingly, the claimant is unable to perform his duties in the same manner as prior to the occurrence of the accident. The claimant has found himself limited to a standing position when working, and is unable to stoop or lift. The dizziness of which the claimant complains is not limited merely to an on the job situation, but also carries into the claimant's personal life. The claimant also cannot maintain the proper equilibrium.
The injuries received in the accident may have prevented the claimant from fulfilling his goal of continuing to work until he attains the age of seventy: the injuries have caused the claimant to lose his highly coveted job security, because on some days the claimant is unable to conclude his work. In fact, as a result of the accident, the claimant has lost some half days and full days each month after maximum improvement up until the final hearing, and, as a result, he has been threatened with dismissal from his employment.
The Judge of Industrial Claims found that the claimant was suffering from headaches, dizziness, and neck pain, and that he had difficulty stooping because of dizziness. Although he was still employed in the same job and receiving the same salary, the Judge of Industrial Claims found that he was now doing lighter work than before the injury. The Judge of Industrial Claims awarded petitioner attorney's fees and, because claimant was losing time from work, doing lighter work, and suffering a resultant loss in job security, 20% permanent partial disability of the body as a whole based upon loss of wage earning capacity. The Judge of Industrial Claims specifically found that "claimant has minimal permanent partial disability... ."
The Full Commission found that there was no competent substantial evidence to sustain the finding of 20% permanent partial disability based on wage earning capacity because the claimant was earning the same wage and working in the same job, and because of the lack of expert medical testimony. The Full Commission did, however, award the petitioner permanent partial anatomical disability of 5% of the body as a whole. The Full Commission also found that the award of attorney's fees was improper and remanded.
Claimant concedes that since there was no evidence taken as to the attorney's fees, the cause should be remanded on that point. Claimant, however, asserts that the decision of the Full Commission should be reversed because of its reversal of the award of 20% permanent partial disability. We agree.
At the onset we recognize that, in making a determination of loss of wage earning capacity, this Court has instructed that the following factors may be utilized: "the injured employee's physical condition, age, industrial history, education and inability to obtain the type of work which he can do insofar as affected by the injury." Ball v. Mann.[1] No one of these standards is conclusive in the determination of loss of wage earning capacity, and decreased earning capacity is not necessarily proportioned to general physical functional impairment.
Thus, in Nuce v. City of Miami Beach,[2] this Court pointed out that:
"... . [L]oss in wage earning capacity is calculated by comparing actual earnings before injury with earning capacity after injury, and the two items are not the same... . The trier of fact, the Commission, must make the best possible estimate of future impairment of earnings, on the strength of both actual post-injury earnings and any other evidence of probative value on the *622 issue of earning capacity. This is essentially a question of fact... . The cases generally hold that the fact that an employee earns wages after his injury equal to wages earned by him prior to his injury will not alone defeat his claim for compensation. Each case must be governed by the peculiar factors which control it."[3]
The Order of the Industrial Relations Commission recites the fact that the Claimant was working for the same employer, at the same job, and earning the same wages as the reason for its finding that there was no competent substantial evidence to sustain a finding of 20% loss of wage earning capacity. Apparently, the reasoning of the Commission is that if an employee earns the same amount of wages after an accident, then he is foreclosed from having any loss of wage earning capacity.
In Cianci v. Florida State Beverage Department,[4] this Court upheld an order awarding 30% permanent partial disability benefits to a claimant who, after sustaining a back injury, returned to work and was receiving a larger monthly salary than at the time of the injury.
In Fort v. Hood's Dairy, Inc.,[5] this Court held that the evidence sustained a finding of a Deputy Commissioner that the Claimant had suffered a 35% permanent partial disability of the body as a whole as a result of a non-scheduled injury, although the employee had returned to his job and had received a pay increase.
More recently, in Kurtz v. Wall,[6] we restated our position that an employee is not foreclosed from being found to have suffered a disability merely because of the fact that he may have received an increase in wages after an accident. In that case, the Judge of Industrial Claims had adequately considered the variables posited by this Court in Ball v. Mann, supra, and arrived at the conclusion that the claimant had suffered a 10% permanent partial disability. The Full Commission reversed the judge's finding, based on the fact that the claimant was now earning higher wages after the accident than before. This Court, emphasizing the rule of law that earning the same or greater wages subsequent to an injury is only one factor to be considered with others in determining loss of wage earning capacity, quashed the opinion of the Full Commission and reinstated the Order of the trial judge.
In the instant case, the Industrial Relations Commission reversed the order of the trial judge, and based its reversal on the fact that the claimant was earning the same amount of wages. In these circumstances, to affirm this reversal based on such a finding is untenable and contrary to law. Even if the claimant in this proceeding is earning the same or similar wages at the time of the hearing as he was earning before the accident, this does not foreclose him from being found to have a loss of wage earning capacity. In basing its finding on this fact, the Full Commission invaded the province of the trial judge by substituting its own opinion on the facts. It was the trial judge who had the opportunity to evaluate the claimant and visually observe him, not the Commission. The Commission, by reversing the order of the trial judge, has in fact replaced its opinion for that of the trial judge by retrying the case. See Southern Bell & Telegraph Co., v. Bell.[7]
The Commission emphasized that the record contains no medical testimony to suggest a permanent injury of anything greater than a 5% permanent partial disability of the body. As was noted previously, however, loss of wage earning capacity *623 and medical disability are not necessarily identical. Ball v. Mann, supra. That is to say, there is no requirement that there be a mathematical correlation between a medical assignment of a disability rating and a finding by the trial judge of loss of earning capacity. See Rosier v. Roofing and Sheet Metal Supply Co.[8]
The finding by the trial judge of a 20% loss of wage earning capacity is a finding of fact made by him after he considered the Ball v. Mann variables. The records reveal that evidence was introduced as to each and every one of these variables, and it can be reasonably inferred that the Judge of Industrial Claims took all of these factors into consideration in making his decision.
The Judge had the advantage of observing the Claimant and evaluating his credibility. The evidence revealed that after the accident, the Claimant suffered from physical handicaps which he did not have previously. The claimant is now limited to working from a standing position; he is unable to lift heavy objects, and cannot stoop. His duties on the job are now restricted, and is unable to perform all those duties which he had previous to the accident. In addition, the claimant, now suffers from severe headaches and dizziness.
The record shows that the Claimant continued to lose occasional days and half days from work up to the time of the final hearing, and as a result, suffered a corresponding loss of "job security." All of this is further evidence to support the award of permanent disability.
In Workmen's Compensation cases, the Judge of Industrial Claims is vested with the power and charged with the duty of weighing and considering the evidence and thereupon making reasonable deductions therefrom. Accordingly, it is up to the Judge of Industrial Claims to make express findings of fact which constitute the foundation upon which the decision must rest. Hardy v. City of Tarpon Springs.[9] Once the trial judge has made these initial findings of fact, and these initial findings of fact are supported by competent substantial evidence, it is not the province of the Industrial Relations Commission to upset them. United States Casualty Co. v. Maryland Casualty Co.[10]
In the instant case, the Industrial Relations Commission simply re-tried the case, substituting its own factual standards and coming to its own factual conclusions that there was no competent substantial evidence to sustain a finding that there was a 20% loss of wage earning capacity.
Accordingly, the petition for writ of certiorari is granted, the Order of the Full Commission is quashed, and the cause remanded to the Full Commission with directions to: 1) reinstate the Judge of the Industrial Claims' Order awarding claimant 20% permanent partial disability of the body as a whole based upon loss of wage earning capacity; and, 2) remand to the Judge of Industrial Claims that portion of his Order awarding attorney's fees, for reconsideration in light of Lee Engineering and Construction Co. v. Fellows.[11]
It is so ordered.
CARLTON, C.J., and ERVIN, ADKINS and McCAIN, JJ., concur.
ROBERTS and DEKLE, JJ., dissent.
NOTES
[1] 75 So.2d 758, 760 (Fla. 1954) (Emphasis supplied.)
[2] 140 So.2d 303 (Fla. 1962).
[3] Id. at 306. (Emphasis supplied.)
[4] 157 So.2d 78 (Fla. 1963).
[5] 143 So.2d 13 (Fla. 1962).
[6] 182 So.2d 618 (Fla. 1966).
[7] 116 So.2d 617 (Fla. 1959).
[8] 41 So.2d 308 (Fla. 1949).
[9] 81 So.2d 503 (Fla. 1955).
[10] 55 So.2d 741 (Fla. 1951).
[11] 209 So.2d 454 (Fla. 1968).